[No. F039208. Fifth Dist. Jan. 21, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWIN FRANKLIN, Defendant and Appellant.

**COUNSEL**

Larry L. Dixon, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Louis M. Vasquez and Brian Alvarez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CORNELL, J.**—Appellant Edwin Franklin appeals his commitment as a sexually violent predator (SVP) on the basis that his 1978 conviction for rape fails to qualify as a conviction for a sexually violent offense under Welfare and Institutions Code[1] section 6600, subdivisions (a)(2) or (g). We conclude that Franklin's 1978 rape conviction falls within the purview of section 6600, subdivision (a)(2)(D) and will affirm.

### PROCEDURAL AND FACTUAL SUMMARY

Franklin was born on June 26, 1960. On September 22, 1977, he was arrested on charges of rape, oral copulation, kidnapping, and robbery.

As Franklin was 17 years old at the time he committed these offenses, a petition pursuant to section 602 was filed in juvenile court. On October 27, 1977, however, he was found unfit to be tried as a juvenile and thereafter, on December 21, 1977, an information was filed charging him as an adult.

On January 16, 1978, Franklin entered a plea of no contest to the rape, kidnapping, and robbery charges. Prior to accepting the plea, the trial court informed Franklin that the "crime of rape consists of having sexual intercourse with a female who was not then your wife by force and fear, and overcoming her resistance by either force or the threat of force." After accepting the plea, the trial court found Franklin guilty of a violation of former Penal Code section 261, subdivision 2. Since Franklin was under 21 years of age at the time of sentencing, he was committed to the California Youth Authority for a minimum term of four years and a maximum term of five years.

This 1978 conviction was used as one of the qualifying convictions under section 6600, subdivision (a) (1). The other qualifying conviction occurred on September 30, 1981, as a result of Franklin's guilty plea to the charge of forcible rape.

At the conclusion of a jury trial, Franklin was found to be an SVP.

---

[1] References to code sections are to the Welfare and Institutions Code unless otherwise specified.

## DISCUSSION

 Franklin maintains that the 1978 conviction cannot be used as a qualifying conviction because it does not satisfy any of the definitions of a sexually violent offense set forth in section 6600, subdivision (a)(2) or (g). Franklin contends that the 1978 conviction does not qualify under section 6600, subdivision (g), because he was not declared a ward of the court under section 602. He also argues that the 1978 conviction does not qualify under any of the subparts of section 6600, subdivision (a)(2), because it was for an offense committed after July 1, 1997, and he was sentenced to an indeterminate, rather than a determinate, term.

The trial court concluded that the 1978 conviction qualified under section 6600, subdivision (g), finding that the Legislature could not have intended to create a loophole whereby a juvenile convicted of forcible rape was considered to have a qualifying conviction, but a juvenile tried as an adult and convicted of forcible rape would not be viewed as having a qualifying conviction.

 We review judicial action and not judicial reasoning. (*People v. Lawley* (2002) 27 Cal.4th 102, 175 [115 Cal.Rptr.2d 614, 38 P.3d 461] (conc. opn. of Brown, J.).) Because the 1978 conviction qualifies as a conviction for a sexually violent offense under section 6600, subdivision (a)(2)(D), we need not address the arguments with respect to the other subdivisions or subparts.

## I. *Predecessor Statute*

For purposes of the Sexually Violent Predators Act (SVP Act), section 6600, subdivision (a)(1) defines a SVP as a person who has been convicted of a sexually violent offense against two or more persons. These qualifying convictions are sometimes referred to as the predicate convictions. (*Garcetti v. Superior Court (Pierre)* (1999) 76 Cal.App.4th 685, 687 [90 Cal.Rptr.2d 581].)

The term "sexually violent offense" is defined in subdivisions (a)(2) and (g). Among the definitions of sexually violent offense is a "conviction for an offense under a predecessor statute that includes all of the elements of an offense described in subdivision (b)." (§ 6600, subd. (a)(2)(D).) Section 6600, subdivision (b), includes within its definition of a sexually violent offense a conviction under Penal Code section 261, subdivision (a)(2), rape when it is accomplished by force, violence, duress, menace, or fear of immediate bodily injury.

The legislative history for the amendment (Stats. 1999, ch. 350, § 1) that added the language found in section 6600, subdivision (a)(2)(D), makes it clear that the intent of the language is to include within the definition of a sexually violent offense any conviction under a predecessor statute that includes all the elements of the current statute, regardless of whether the offense had a different code section number, different name, or used different language at the time of the conviction. (<http://www.leginfo.ca.gov/pub/ 99-00/billsen/sb_0751-0800/sb_786_cfa_19990512_203240_sen_floor.html> [as of Jan. 21, 2003].)

Franklin's 1978 conviction is for a violation of former Penal Code section 261, subdivision 2. That code section stated, "Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, . . . [¶] . . . [¶] 2. Where she resists, but her resistance is overcome by force or violence; . . . ." (Stats. 1970, ch. 1301, § 1, p. 2405.) Former Penal Code section 261 was amended in 1979 (Stats. 1979, ch. 994, § 1, p. 3383) and again in 1980. (Stats. 1980, ch. 587, § 1, p. 1595.) The 1980 amendment modified subdivision (2) to state: "Where it is accomplished against a person's will by means of force or fear of immediate and unlawful bodily injury on the person or another." (Stats. 1980, ch. 587, § 1, p. 1595.) Currently, Penal Code section 261, subdivision (a)(2), provides that rape includes acts of "sexual intercourse accomplished with a person not the spouse of the perpetrator," where "it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another."

In *People v. Hubbart* (2001) 88 Cal.App.4th 1202 [106 Cal.Rptr.2d 490], the appellate court noted that former Penal Code section 261, subdivision 3, included both forcible rape and rape accomplished because the victim was under the influence of a controlled substance. If the conviction under former Penal Code section 261 was for forcible rape, then it constituted a predicate conviction. (*Hubbart, supra,* at pp. 1209-1210, fn. 1.)

It is apparent that the language of current Penal Code section 261, subdivision (a)(2), tracks the language of former Penal Code section 261, subdivision 2. All of the elements of current section 261, subdivision (a)(2), are included in former Penal Code section 261, subdivision 2: intercourse, with a person not the spouse of the perpetrator, accomplished by force or violence. Thus, we conclude that former Penal Code section 261, subdivision 2, is a predecessor statute of current Penal Code section 261, subdivision (a)(2).

It follows that Franklin's conviction under former Penal Code section 261, subdivision 2, constitutes a conviction for an offense under a predecessor

statute that includes all of the elements of an offense described in section 6600, subdivision (b).

II. *Predicate Conviction*

Franklin maintains that even if his 1978 conviction under former Penal Code section 261, subdivision 2, *is* a conviction under a predecessor statute that includes all of the elements of an offense described in section 6600, subdivision (b), the 1978 conviction still does not constitute a predicate conviction. Franklin argues that he had to have received a determinate sentence if tried and convicted as an adult, or a declaration of wardship if tried as a juvenile, in order for the prior conviction to constitute a predicate conviction.

We need not address the provisions of section 6600, subdivision (g), which sets forth the conditions under which a juvenile adjudication of a sexually violent offense may constitute a predicate conviction, because Franklin was tried and convicted as an adult in 1978. Thus, the 1978 conviction is not a juvenile adjudication and section 6600, subdivision (g), is inapplicable.

For an adult conviction to constitute a predicate conviction, one of the subparts of section 6600, subdivision (a)(2) must be satisfied:

"[a] (2) For purposes of this subdivision any of the following shall be considered a conviction for a sexually violent offense:

"(A) A prior or current conviction that resulted in a determinate prison sentence for an offense described in subdivision (b).

"(B) A conviction for an offense described in subdivision (b) that was committed prior to July 1, 1997, and that resulted in an indeterminate prison sentence.

"(C) A prior conviction in another jurisdiction for an offense that includes all of the elements of an offense described in subdivision (b).

"(D) A conviction for an offense under a predecessor statute that includes all of the elements of an offense described in subdivision (b).

"(E) A prior conviction for which the inmate received a grant of probation for an offense described in subdivision (b).

"(F) A prior finding of not guilty by reason of insanity for an offense described in subdivision (b).

"(G) A conviction resulting in a finding that the person was a mentally disordered sex offender."

Section 6600, subdivision (a)(2)(D) does not specify whether the offender must have received a determinate or indeterminate sentence. To ascertain whether Franklin's position is correct and a determinate sentence is a requirement under section 6600, subdivision (a)(2)(D), we look to the plain language of the statute and the legislative intent.

In determining the intent of the Legislature, we first look to the plain language of the statute, giving the words their ordinary meaning. We follow the statute's plain meaning unless doing so would lead to absurd or unintended results. If the statutory language is ambiguous, we look to other evidence of the Legislature's intent. (*People v. Birkett* (1999) 21 Cal.4th 226, 231-232 [87 Cal.Rptr.2d 205, 980 P.2d 912].)

Section 6600, subdivision (a)(2), contains seven categories within which a finding or conviction will be deemed to be a predicate conviction. Only two of those categories, section 6600, subdivision (a)(2)(A) and (B), specify whether the sentence for the predicate conviction must be either determinate or indeterminate. The Legislature clearly could have, but did not, specify whether sentences for convictions in other jurisdictions (§ 6600, subd. (a)(2)(C)) or under predecessor California statutes (§ 6600, subd. (a)(2)(D)) must be determinate or indeterminate.

A long-standing rule of statutory construction provides that qualifying phrases are to be applied to the words or phrases immediately preceding and are not to be construed as applying to more remote phrases. This is known as the "last antecedent rule." (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 680 [183 Cal.Rptr. 520, 646 P.2d 191].) Applied to section 6600, subdivision (a)(2), the rule requires that the phrase "determinate prison sentence" apply only to section 6600, subdivision (a)(2)(A), and the phrase "indeterminate prison sentence" apply only to section 6600, subdivision (a)(2)(B). We can find no basis in the language of the current statute for applying any recognized exception to the last antecedent rule. (*Garcetti v. Superior Court (Blake)* (2000) 85 Cal.App.4th 1113, 1121-1122 [102 Cal.Rptr.2d 703].)

Further support for this reading is supplied by the punctuation of the statute. (*White v. County of Sacramento, supra,* 31 Cal.3d at p. 680.) In *Blake,* the appellate court was asked to determine whether the phrase "for an offense that includes all the elements of an offense described in subdivision (b)" applied to convictions resulting in a finding that the person was a

mentally disordered sex offender. (*Blake, supra,* 85 Cal.App.4th at p. 1121.) The version of the statute being interpreted by the court in *Blake* did not have each description of a qualifying conviction set forth in subparts; rather, the statute at that time listed all qualifying convictions in paragraph form separated only by commas. (Stats. 1999, ch. 350, § 1.) The *Blake* court, applying standard rules of statutory construction, concluded that each description separated by commas was distinct and separate. Therefore, the phrase " 'for an offense that includes all the elements of an offense described in subdivision (b)' " did not modify the phrase " 'conviction resulting in a finding that the person was a mentally disordered sex offender.' " (*Blake, supra,* 85 Cal.App.4th at p. 1121.)

Interestingly, the *Blake* court noted, "had the Legislature used a colon and semicolons instead of merely commas" to separate the categories, the issue "never would have arisen." (*Blake, supra,* 85 Cal.App.4th at p. 1121, fn. 5.) After the *Blake* decision was issued, section 6600, subdivision (a), was amended and the provisions were recast in their present form. (Stats. 2000, ch. 643, § 1.) Each of subparts (A) through (G) of section 6600, subdivision (a)(2), is separated by a period. Separating parts (A) through (G) by use of a period is an even stronger indication of an intent that each subpart stand separate and apart from the other. (See *Blake, supra,* 85 Cal.App.4th at pp. 1120-1121, fn. 5.)

The legislative history of section 6600 also supports application of the last antecedent rule. (*Blake, supra,* 85 Cal.App.4th at pp. 1122-1123.) When initially enacted in 1995, section 6600 specified that persons must have received a determinate sentence in order to be candidates for commitment as an SVP.[2] (Stats. 1995, chs. 762, pp. 5912-5921, 763, pp. 5921-5929; *People v. West* (1999) 70 Cal.App.4th 248, 251 [82 Cal.Rptr.2d 549] (*West*).) In *West,* this court concluded that the 1995 version of the statute could not be interpreted to include within its purview those who had been sentenced to an indeterminate term. (*West, supra,* 70 Cal.App.4th at pp. 261-262.)

The statute was amended in 1996. In part, the 1996 amendment added the following paragraph to subdivision (a) of section 6600: "For purposes of this subdivision, a prior finding of not guilty by reason of insanity for an offense described in subdivision (b), a conviction prior to July 1, 1977, for an offense described in subdivision (b), a conviction resulting in a finding that the person was a mentally disordered sex offender, or a conviction in another

---

[2]The first paragraph of section 6600, subdivision (a), read in part as follows until the 2000 amendment: " 'Sexually violent predator' means a person who has been convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence . . . .' " (Stats. 1995, ch. 762, § 3, p. 5914.)

state for an offense that includes all the elements of an offense described in subdivision (b), shall also be deemed to be a sexually violent offense even if the offender did not receive a determinate sentence for that prior offense." (Stats. 1996, ch. 462, § 4.) The appellate court in *Pierre*, in analyzing the 1996 version of the statute, concluded that the phrase "shall also be deemed to be a sexually violent offense even if the offender did not receive a determinate sentence for that prior offense" applied to convictions which otherwise qualify. (*Pierre, supra,* 76 Cal.App.4th at pp. 691-692.)

As the *Pierre* court pointed out, the 1996 version of the statute was ambiguous on its face in that the first paragraph of section 6600, subdivision (a), made qualifying convictions contingent upon the imposition of a determinate sentence. (*Pierre, supra,* 76 Cal.App.4th at p. 691.) To resolve the ambiguity between the language of the first and second paragraphs of the 1996 version of the statute, the appellate court looked to the legislative intent. (*Ibid.*) The *Pierre* court concluded "that the indicia are overwhelming that the Legislature intended the amended [SVP] Act to apply to convictions for which an indeterminate term was imposed, so long as the conviction otherwise qualifies as a 'sexually violent offense.' " (*Id.* at p. 693.)

In 1999, section 6600 again was amended. The 1999 amendment in part added language to subdivision (a) of section 6600 to specify that a predicate conviction included "a conviction for an offense under a predecessor statute that includes all of the elements of an offense described in subdivision (b)." (Stats. 1999, ch. 350, § 3.) When this language was added, it was placed in the second paragraph of section 6600, subdivision (a), which had been added by the 1996 amendment. The end of that second paragraph continued to include the phrase, "even if the offender did not receive a determinate sentence for that prior offense." Therefore, following the *Pierre* court's analysis, convictions under a predecessor statute were qualifying convictions even if the offender did not receive a determinate sentence.

The 1999 amendment adding what is now section 6600, subdivision (a)(2)(D), was intended to be declaratory of existing law, as stated in *People v. Butler* (1998) 68 Cal.App.4th 421, 435-441 [80 Cal.Rptr.2d 357] (*Butler*). (Stats. 1999, ch. 350, § 4.) In *Butler*, the defendant had been convicted of rape in 1974 under former Penal Code section 261, subdivision 3. (*Butler, supra,* 68 Cal.App.4th at p. 436.) The appellate court in *Butler* concluded that the intent of the Legislature in enacting the SVP Act and in specifying that one of the qualifying offenses in section 6600, subdivision (b), was a conviction under Penal Code section 261, subdivision (a)(2), was to include persons with prior convictions for rape accomplished by force, violence, duress, menace, or fear of immediate bodily injury to another. (*Butler, supra,* 68 Cal.App.4th at p. 438.)

The 1999 amendment was adopted as an urgency measure. With respect to the addition of language encompassing convictions under predecessor statutes, the legislative history for this amendment specifically states: "for the purpose of determining who is a SVP—that a conviction for an offense under a predecessor statute that includes all the elements of an offense described statutorily as a 'sexually violent offense' shall qualify as a 'sexually violent offense' even if the offender did not receive a determinate sentence for that prior offense." (Stats. 1999, ch. 350, § 3; <http://www.leginfo.ca.gov/pub/99-00/bill/sen/sb_0751-0800/sb_786_cfa_19990831_142120_asm_comm.html> [as of Jan. 21, 2003].) Franklin's 1972 conviction falls squarely within the purview of section 6600, subdivision (a)(2)(D), as stated in the legislative history.

Section 6600 was amended once again in 2000. (Stats. 2000, ch. 643, § 1.) The Legislative Counsel's Digest stated that the existing version of section 6600 included within the definition of sexually violent predator those persons who had been convicted of sexually violent offenses, "even if the offender did not receive a determinate sentence." (Legis. Counsel's Dig., Assem. Bill No. 2849 (1999-2000 Reg. Sess.); Stats. 2000, ch. 643.) The 2000 amendment recast subdivision (a) of section 6600 and set forth the qualifying convictions in subdivision (a)(2)(A) through (G). This amendment also deleted the language from the first paragraph of section 6600, subdivision (a), which referenced a determinate sentence. (Stats. 2000, ch. 643, § 1.) There have been no further amendments to section 6600 and the present form of the statute is the one adopted in 2000.

In our view, the 2000 amendment deleting the determinate sentence language from the first paragraph of section 6600, subdivision (a), eliminated the ambiguity on the face of the statute and obviated the need for the phrase "even if the offender did not receive a determinate sentence" in the second paragraph. Therefore, the omission of this phrase from section 6600, subdivision (a)(2), is not a substantive change, but merely a deletion of surplus language. This view is supported by the legislative history of the 2000 amendment indicating that it was the author's intent, in part, to clarify that persons serving indeterminate sentences after 1977 qualify under the SVP law. (Stats. 1999, ch. 350, § 3; <http://www.leginfo.ca.gov/pub/99-00/bill/asm/ab_2801-2850/ab_2849> [as of Jan. 21, 2003].)

As this court previously observed in *West, supra,* 70 Cal.App.4th at page 258, in construing a statute we cannot speculate that the Legislature meant something other than what it said. Nor may we rewrite the statute to make it express an intent not expressed therein. We cannot construe section 6600, subdivision (a)(2)(D) as requiring a determinate sentence. To do so would violate standard rules of statutory construction and be contrary to the intent as set forth in the legislative history.

Also, to construe the statute otherwise would lead to absurd results. Those persons convicted of an offense described in section 6600, subdivision (b), are considered to have a predicate conviction regardless of whether a determinate or indeterminate sentence was imposed. (§ 6600, subd. (a)(2)(A), (B).) Those convicted of an out-of-state offense that includes all the elements of an offense set forth in section 6600, subdivision (b), are considered to have a predicate offense regardless of the type of sentence imposed. (§ 6600, subd. (a)(2)C).) It defies logic and would lead to an absurd result to ascribe to the Legislature an intent to make application of the SVP Act dependent upon the type of sentence imposed if the conviction is under a predecessor statute.

Our reading of section 6600, subdivision (a)(2)(D), furthers the purpose of the SVP Act to identify those individuals who previously have committed sexually violent crimes and who pose a danger to society if released without treatment for their disorder. (Stats. 1995, ch. 762, § 1, p. 5913.) Franklin has been found to be an individual who has previously committed sexually violent crimes, who poses a danger to society if released, and who would benefit from commitment and treatment for his mental disorder.

The language of section 6600, subdivision (a)(2)(D) is clear and unambiguous; its application is not dependent on the type of sentence imposed.

### DISPOSITION

The judgment is affirmed.

Vartabedian, Acting P. J., and Levy, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 9, 2003.