[No. F055684. Fifth Dist. Dec. 17, 2008.]

In re EDWIN V. FRANKLIN on Habeas Corpus.

387

**COUNSEL**

Eric Weaver, under appointment by the Court of Appeal, for Edwin V. Franklin Petitioner.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Julie Hokans and Lewis A. Martinez, Deputy Attorneys General, for Respondent the state of California.

OPINION

GOMES, J.—Edwin V. Franklin petitions for writ of habeas corpus to require dismissal with prejudice of the pending petition for his civil commitment as a sexually violent predator (SVP) and to require his release from custody arising out of those proceedings.[1] We will grant his petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 24, 2001, on the basis of a 2001 SVP petition alleging, inter alia, a 1978 rape conviction, a 1981 rape conviction, a 1991 voluntary manslaughter conviction (on which the superior court imposed a sentence of 12 years), and a 1994 possession of a controlled substance in state prison conviction (on which the superior court imposed a sentence of an additional three years), a jury for the first time found Franklin to be an SVP.

On August 28, 2001, the superior court ordered Franklin's first two-year SVP civil commitment (2001 SVP commitment). On January 21, 2003, we affirmed the judgment of the 2001 SVP commitment, rejecting his argument that his 1978 rape conviction failed to qualify as a conviction of a sexually violent offense within the scope of the SVPA. (*People v. Franklin* (2003) 105 Cal.App.4th 532 [129 Cal.Rptr.2d 518].)

On August 11, 2004, on the basis of a 2003 SVP petition alleging a 1978 rape conviction, a 1981 rape conviction, a 1991 voluntary manslaughter conviction (on which the superior court imposed a sentence of 12 years), a 1994 possession of a controlled substance in state prison conviction (on which the superior court imposed a sentence of an additional three years), and a 2002 perjury conviction (on which the superior court imposed a sentence of 25 years to life), a jury for the second time found Franklin to be an SVP.[2]

On August 13, 2004, on the basis of the 2003 SVP petition, the superior court ordered Franklin's first two-year SVP civil recommitment (2003 SVP recommitment) along with transportation to Atascadero State Hospital "upon completion of his pending criminal matter in case number 04CM2486," in which, on November 8, 2004, the superior court imposed a sentence of 25 years to life for felony willful and intentional damage to jail property in excess of $400 (jail door case).

---

[1] Statutory references are to the sections of the Sexually Violent Predators Act (SVPA) in effect at the relevant times here. (Welf. & Inst. Code, former § 6600 et seq.)

[2] On November 5, 2003, we reversed Franklin's perjury conviction on the basis of the immateriality of his testimony at the hearing on his 2001 SVP commitment. (*People v. Franklin* (Nov. 5, 2003, F041242) [nonpub. opn.].)

On January 3, 2006, we affirmed the judgment of the 2003 SVP recommitment, again rejecting Franklin's argument that his 1978 rape conviction failed to qualify as a conviction of a sexually violent offense within the scope of the SVPA. (*People v. Franklin* (Jan. 3, 2006, F046162) [nonpub. opn.].)

On March 24, 2006 (some 16 months after imposition of a sentence of 25 years to life in the jail door case), the prosecutor represented in open court that his office had sent a letter to Atascadero State Hospital in April of 2005 (some five months after imposition of sentence in that case) stating that "we would no longer proceed on the extensions of the S.V.P. case" and asking that the hospital "take it off their calendar" and represented in open court that the hospital "had done" that. "And therefore," he continued, "there is no reason to proceed on this since he's no longer being held under the provisions of that. And we'll make motions to the Court to enter such rulings as are necessary to release Mr. Franklin's S.V.P. status." Franklin noted "the defense would have no objections." The superior court addressed the deputy attorney general who was appearing by telephone, "That renders moot the matter that the Attorney General is appearing on."

On that state of the record, the prosecutor represented, "We're just going to ask that it terminate at this time." The superior court replied, "Okay. So the appropriate order, then, would be on motion of the People that the current S.V.P. commitment that Mr. Franklin is serving is dismissed and that he be freed from any encumbrances that result from that commitment." The prosecutor added, "From that extension, that's correct. And I'm advised that he's still subject to these proceedings in the future if someone should wish to bring them, but at this time we're not proceeding any further on the current commitment." The superior court replied, "Okay. Of course Mr. Franklin's position is that he would not be subject to such proceedings in the future, but that is something that would be litigated in the future." The prosecutor noted, "Sure, that's whatever the law is." The superior court concluded, "Okay. It will be so ordered."

On May 5, 2006, we reversed Franklin's conviction in the jail door case, noting that an insufficiency of the evidence of the requisite $400 damage for *felony* willful and intentional damage to jail property required a remand for a probation and sentencing hearing on the lesser included offense of *misdemeanor* willful and intentional damage to jail property. (*People v. Franklin* (May 5, 2006, F046873) [nonpub. opn.].) On the same date, the clerk/administrator of this court served by mail a copy of the opinion on, inter alia, the superior court, the Attorney General, and Franklin.[3]

---

[3] On Franklin's request, we take judicial notice of the record in the jail door case but, since the pleadings otherwise bring all relevant information before us, deny his request to take judicial notice of other cases. (Cf. Cal. Rules of Court, rule 8.252.)

On June 8, 2006, on the basis of mental health evaluation summaries by two psychologists, the prosecutor filed a new SVP petition with the same case number as the 2003 SVP recommitment. On July 7, 2006, the superior court clerk filed the remittitur in the jail door case; the superior court acknowledged a notation about the remittitur in the computer docket (register of actions) but declined to accept the certified copy Franklin proffered in open court; the superior court complained that no copy of the opinion was attached to the remittitur, even though Franklin proffered a copy of the opinion in open court and the clerk/administrator of this court had served a copy of the opinion on the superior court two months and two days earlier; the prosecutor requested (and the court ordered) dismissal of the SVP petition filed on June 8, 2006; and the prosecutor filed an identical SVP petition with the same case number as the jail door case. On July 13, 2006, the superior court ordered that the latter petition be assigned a new civil case number.

On July 14, 2006, the superior court ordered that Franklin be "housed in a secured facility at C.D.C." pending disposition of the petition, found that the superior court "had jurisdiction at time of when petition was filed while defendant was housed in C.D.C.," and ordered "that a new case be assigned which is this case and now have nothing to do with any prior criminal case." On July 24, 2006, the superior court imposed a misdemeanor sentence of 180 days in county jail with credit for 621 days in custody and ordered him released from the custody of the Department of Corrections and Rehabilitation in the jail door case. On August 10, 2006, Franklin filed a motion to dismiss the petition. The superior court denied the motion. On January 16, 2007, he filed a petition for writ of habeas corpus in this court. On March 5, 2007, we denied his petition without prejudice and suggested he file a petition for writ of habeas corpus in the California Supreme Court in light of the then pending case of *In re Smith* (2008) 42 Cal.4th 1251 [73 Cal.Rptr.3d 469, 178 P.3d 446] (*Smith*). On March 23, 2007, he filed a petition for writ of habeas corpus in the Supreme Court. On June 20, 2007, the Supreme Court issued an order to show cause before the superior court why Franklin was not entitled to dismissal of the SVP petition and to release from custody. On October 22, 2007, the superior court denied his petition for writ of habeas corpus. On November 5, 2007, he filed a petition for writ of habeas corpus in the Supreme Court.

On March 24, 2008, the Supreme Court filed the opinion in the formerly pending case of *Smith, supra*, 42 Cal.4th 1251. On May 14, 2008, the Supreme Court directed the Attorney General to file an informal response to Franklin's pending petition for writ of habeas corpus. On June 12, 2008, the Attorney General filed an informal response. On June 23, 2008, Franklin filed a reply to the Attorney General's informal response.

On July 16, 2008, the Supreme Court issued an order to show cause before this court why Franklin was not entitled to dismissal of the SVP petition and to release from custody in light of *Smith*.

## DISCUSSION

■ The question before the Supreme Court in *Smith* was whether SVP proceedings can proceed against a person after reversal on appeal of the felony conviction that was the basis of the person's custody at the time of the initiation of those proceedings. (*Smith, supra*, 42 Cal.4th at p. 1255.) Answering that question in the negative, the Supreme Court held "that if the People seek to continue SVP proceedings against someone whose present conviction has been reversed, it must retry and reconvict him." (*Id.* at p. 1270.)

The question before us is whether, and if so, how, the holding in *Smith* applies to the record here. Before addressing that question, we turn to the preliminary issue of the character of Franklin's custody not only under the SVPA but also under the judgment of conviction of felony willful and intentional damage to jail property in excess of $400.

By operation of law, Franklin's 2001 SVP commitment commenced on August 28, 2001, and expired two years later, on August 28, 2003, and his 2003 SVP recommitment commenced on August 28, 2003, and expired two years later, on August 28, 2005.[4] (See, e.g., *People v. Litmon* (2008) 162 Cal.App.4th 383, 402–403 [76 Cal.Rptr.3d 122]; *People v. Whaley* (2007) 152 Cal.App.4th 968, 972 [62 Cal.Rptr.3d 11]; *People v. Hayes* (2006) 137 Cal.App.4th 34, 44–45 [39 Cal.Rptr.3d 747].) So the superior court's subsequent order of March 24, 2006, granting the prosecutor's motion to dismiss "the current S.V.P. commitment that Mr. Franklin is serving" and to free him "from any encumbrances that result from that commitment," was an idle act of no effect.

---

[4] Former section 6604 (in relevant part): "If the court or jury determines that the person is a sexually violent predator, the person shall be committed for two years to the custody of the State Department of Mental Health for appropriate treatment and confinement in a secure facility designated by the Director of Mental Health, and the person shall not be kept in actual custody longer than two years unless a subsequent extended commitment is obtained from the court incident to the filing of a petition for extended commitment under this article . . . ." (As amended by Stats. 2000, ch. 420, § 3, eff. Sept. 13, 2000.)

Former section 6604.1, subd. (a): "The two-year term of commitment provided for in Section 6604 shall commence on the date upon which the court issues the initial order of commitment pursuant to that section. The initial two-year term shall not be reduced by any time spent in a secure facility prior to the order of commitment. For any subsequent extended commitments, the term of commitment shall be for two years commencing from the date of the termination of the previous commitment." (As amended by Stats. 2000, ch. 420, § 4, eff. Sept. 13, 2000.)

Franklin was no longer an SVP at the time of the filing of the SVP petition at issue, which necessarily sought his civil commitment, not his civil recommitment, since he was lawfully subject to civil commitment as an SVP at that time if and only if he was an individual in state prison custody who was "either serving a determinate prison sentence or whose parole has been revoked" on that date. (Former § 6601, subd. (a)(1), as amended by Stats. 1999, ch. 136, § 1, eff. July 22, 1999.)[5]

■ However, in the absence of a petition for rehearing, petition for review, or rehearing on the court's own motion, our opinion reversing Franklin's felony conviction in the jail door case on May 5, 2006, was final "30 days after filing." (Cal. Rules of Court, rules 8.264(b)(1), 8.268(a)(1).) So our opinion was final before the prosecutor filed the SVP petition at issue. (Cal. Rules of Court, rules 8.264(b)(1), 8.268(a)(1).) Franklin was in state prison custody at that time, but he was no longer a convicted felon serving a determinate prison sentence. He was a misdemeanant awaiting transportation to superior court for a misdemeanor probation and sentencing hearing. The absence of the statutory condition precedent to lawful SVP civil commitment proceedings against him is a fatal flaw.

Nonetheless, the Attorney General argues that a sentence in the SVPA allows civil commitment proceedings to go forward: "A petition shall not be dismissed on the basis of a *later* judicial or administrative determination that the individual's custody was unlawful, if the unlawful custody was the result of a good faith mistake of fact or law." (Former § 6601, subd. (a)(2), italics added, as amended by Stats. 1999, ch. 136, § 1, eff. July 22, 1999.)[6] Our opinion, which was final *before* the filing of the SVP petition at issue, was, ipso facto, not a "*later* judicial or administrative determination." The Attorney General finds no succor in that sentence.

Nothing in *Smith* even suggests, let alone compels, a contrary result. *Smith* construed that sentence "not to apply to someone in *Smith's* position, whose conviction that was the basis of his prison custody at the time SVP proceedings were initiated has been reversed, and who has not been retried and reconvicted. [¶] Such a construction would still allow the state to proceed against those whose initial prison custody was valid, but who might evade SVP commitment due to erroneous parole revocations or extensions of sentence, the groups of prisoners against who section 6601(a)(2) was targeted." (*Smith, supra*, 42 Cal.4th at p. 1269.) "Our present holding would affect only those in Smith's unusual circumstances, i.e., a prisoner who has obtained an appellate reversal of his conviction late in his prison term *after*

---

[5] All subsequent amendments to the SVPA left that phrase intact.

[6] All subsequent amendments to the SVPA left that sentence intact.

an SVP petition has been filed, and who has not been retried and reconvicted." (*Id.* at p. 1270, italics added.) Our opinion reversing Franklin's felony conviction in the jail door case was final *before* the SVP petition at issue was filed against him.

## DISPOSITION

The petition for writ of habeas corpus is granted. The case is remanded to the superior court with directions to order dismissal with prejudice of the petition pending against Edwin Franklin for civil commitment as a sexually violent predator and to order his release from custody arising out of those proceedings.

Vartabedian, Acting P. J., and Kane, J., concurred.