Filed 3/3/25  P. v. Scott CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B334143 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA100182) |
| v. | |
| FLOYD SCOTT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Affirmed.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Defendant Floyd Scott appealed from an order denying resentencing under Penal Code section 1172.75.[1] Scott's appointed appellate counsel filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Scott filed a supplemental brief and an addendum to that brief, which we address below. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 2008, a jury found Scott guilty of assault with intent to commit rape (§ 220), two counts of forcible oral copulation (former § 288a, subd. (c)(2)), forcible sexual penetration (former § 289, subd. (a)), and false imprisonment by violence (§ 236). The jury also found that, in connection with the counts of assault, forcible oral copulation, and forcible sexual penetration, Scott tied and bound the victim. (§ 1170.84, former § 667.61, subds. (b) & (e)(6).) The jury further found that Scott had a prior conviction for forcible rape (former § 261, subd. (2); § 667, subd. (a)) and served a prior prison term for that offense and failed thereafter to remain free from custody for five years before committing a felony (former § 667.5, subd. (b)). The jury further found that Scott had been previously convicted of sexual penetration with a foreign object. (Former § 289, subd. (a).) In a bifurcated trial, the jury found that Scott had 12 prior strike convictions, including convictions for four counts of forcible rape, five counts of oral copulation with a child under 14 years of age, two counts

---

[1] All subsequent unspecified statutory references are to the Penal Code.

of lewd and lascivious acts with a child under 14 years of age, and one count of forcible sexual penetration with a foreign object.

The court sentenced Scott under the "Three Strikes" law (§§ 667, subds. (b)–(i); 1170.12, subds. (a)–(d)), and the habitual sexual offender law (§ 667.71), and imposed three 1-year prison prior enhancements (former § 667.5, subd. (b)) and three 5-year prior serious felony enhancements (§ 667, subd. (a)). The total prison sentence is 274 years to life. The court also imposed a restitution fine of $1,000 and a parole revocation fine of $1,000. (§§ 1202.4, subd. (b), 1202.45, subd. (a).) In 2009, we affirmed the judgment in an unpublished opinion. (*People v. Scott* (Oct. 28, 2009, B210946).)

In 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill No. 483), which declares that a one-year sentence enhancement previously imposed for prior prison terms is invalid—except when the prior prison term was imposed for a sexually violent offense—and provides a procedure for recalling and resentencing defendants subject to the invalid enhancement. (Stats. 2021, ch. 728, § 3.)

In December 2022, the California Department of Corrections and Rehabilitation (CDCR) notified the trial court that Scott was potentially eligible for resentencing pursuant to Senate Bill No. 483. The trial court appointed counsel for Scott. A hearing was set on the matter and continued numerous times.

In June 2023, Scott filed a "supplemental brief" in which he raised procedural and evidentiary issues concerning his 2008 trial and sentencing.

On August 7, 2023, Scott filed a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, for substitution of counsel.

3

On October 31, 2023, the trial court held a *Marsden* hearing and denied the motion.

On November 13, 2023, Scott filed a notice of appeal purporting to appeal from the denial of his *Marsden* motion. Four days later he filed a second *Marsden* motion alleging that his counsel committed perjury during the first *Marsden* hearing.

On December 18, 2023, the district attorney filed an opposition to resentencing on the ground that Scott's prior prison enhancements were based upon a prison term for a sexually violent offense and Senate Bill No. 483 did not invalidate enhancements for such prison terms.

On March 1, 2024, the trial court stated that it had previously denied Scott's *Marsden* motion and that the "additional information" Scott provided in his second *Marsden* motion "[did] not change [the court's] ruling on the *Marsden* motion." The court then addressed the issue of resentencing under Senate Bill No. 483. The court found that Scott is ineligible for resentencing because he had been sentenced pursuant to section 667.71, the habitual sex offender law. On that basis, the court denied resentencing.

On April 10, 2024, this court deemed Scott's notice of appeal from the denial of his *Marsden* motion as having been filed after the March 1, 2024 order denying relief under section 1172.75.

We appointed counsel to represent Scott, who found no arguable issues to raise on appeal. He informed Scott of his intention to file a brief pursuant to *Delgadillo* and of Scott's right to file a supplemental brief. On January 2, 2024, counsel filed his *Delgadillo* brief, raising no arguable issues and requesting that we follow the procedures set forth in *Delgadillo*. On the same

4

day, counsel sent a copy of the brief and the record on appeal to Scott. Scott thereafter timely filed a supplemental brief and an addendum to the supplemental brief with exhibits.

## DISCUSSION

Under *Delgadillo*, when appointed counsel files a brief in an appeal from the denial of postconviction relief that identifies no issues on appeal and the appellant files a supplemental brief, we are "required to evaluate the specific arguments presented in [the defendant's supplemental] brief." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We are not, however, required to conduct an independent review of the record to identify arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Although we have discretion to conduct an independent review, we decline to do so in this case. We now turn to Scott's arguments.

### A.    *2008 Trial Issues*

In his supplemental brief and addendum, Scott raises the following contentions concerning his 2008 trial: (1) Although a United States District Court granted his petition for writ of habeas corpus in December 2006 and ordered the superior court to release or retry him within 90 days, the superior court did not retry him until August 2008, thereby violating the federal court's order as well as his constitutional and statutory rights to a speedy trial; (2) The prosecution withheld exculpatory evidence in violation of *Brady v. Maryland* (1963) 373 U.S. 83 and state discovery laws; (3) Statements the prosecutor made during closing argument constituted prosecutorial misconduct; (4) The introduction of testimony under Evidence Code section 1108 at his 2008 trial (a) was improper because its prejudicial effect

5

outweighed its probative value, (b) violated a 1985 plea agreement, and (c) placed him in double jeopardy; (5) his 2008 trial counsel provided ineffective assistance in violation of the Sixth Amendment; (6) certain jury instructions permitted the jury to convict him on uncharged crimes; and (7) the application of the Three Strikes law in his case violates due process and the constitutional protection against cruel and unusual punishment.  These arguments, however, are not cognizable on appeal from the denial of resentencing.  (Cf. *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["[t]he mere filing of a [petition for resentencing under section 1172.6] does not afford the petitioner a new opportunity to raise claims of trial error"].) Accordingly, we do not reach or decide these issues.

### B.    *Denial of Resentencing Under Senate Bill No. 483 and the Inapplicability of the Full Resentencing Rule*

Scott contends that his right to be resentenced under section 1172.75 entitles him to "full resentencing" under *People v. Buycks* (2018) 5 Cal.5th 857, and *People v. Jones* (2022) 79 Cal.App.5th 37.  Under the full resentencing rule, a "resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall." (*Buycks*, *supra*, 5 Cal.5th at p. 893.)  The rule generally applies to resentencing under section 1172.75.  (*People v. Carter* (2023) 97 Cal.App.5th 960, 968 [section 1172.75 " 'requires a full resentencing, not merely that the trial court strike the newly "invalid" enhancements' "].)  The full resentencing rule, however, does not apply when the court does not resentence the defendant. Here, Scott was not resentenced and, as we explain below, he is

not eligible for resentencing under section 1172.75.  Therefore, the full resentencing rule does not apply.

Prior to 2020, section 667.5 required the imposition of a one-year sentence enhancement for each prior prison term unless the defendant had "remained free of both prison custody and the commission of an offense which results in a felony conviction" for five years.  (Former § 667.5, subd. (b).)  In 2019, the Legislature amended the statute to limit the imposition of the one-year enhancement to prior prison terms served "for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code."  (Stats. 2019, ch. 590, § 1, p. 5235; see *People v. Dowdy* (2024) 107 Cal.App.5th 1, 6.)

In 2021, the Legislature enacted Senate Bill No. 483, which added section 1171.1 to the Penal Code (Stats. 2021, ch. 728, § 3, pp. 9077–9078), which was later renumbered without change to section 1172.75.  (Stats. 2022, ch. 58, § 12, pp. 2956-2957.)  Section 1172.75 invalidates "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code."  (§ 1172.75, subd. (a).)

The definition of a sexually violent offense in section 6600 of the Welfare and Institutions Code includes rape, as defined in section 261, "when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person."  (Welf. & Inst. Code, § 6600, subd. (b); see *People v. Hurtado* (2002) 28 Cal.4th 1179, 1182 [forcible rape

7

is a sexually violent offense under Welfare & Institutions Code section 6600].)

Section 1172.75 further provides that the CDCR shall identify defendants serving a sentence that includes an enhancement made invalid by the new law and provide that information to the sentencing court. (§ 1172.75, subd. (b).) The court must then verify the CDCR's information and, if correct, recall and resentence the defendant. (§ 1172.75, subd. (c).)

Here, the CDCR informed the trial court that Scott is eligible for possible recall and resentencing pursuant to section 1172.75. The court, however, concluded that Scott is not eligible for resentencing because he had been sentenced pursuant to section 667.71, the habitual sex offender law and on that basis denied resentencing.

The court's rationale is erroneous because being sentenced as a habitual sex offender under section 667.71 does not necessarily mean that the defendant's prior prison sentence upon which the jury based its section 667.5, subdivision (b), finding was imposed for a sexually violent offense. Nevertheless, we will not reverse an order or judgment if it is legally correct, though " ' "given for a wrong reason." ' " (*People v. Zapien* (1993) 4 Cal.4th 929, 976.) Here, the record establishes that the prior prison enhancements imposed under former section 667.5, subdivision (b), were based on Scott's prison term for his conviction of forcible rape under former section 261, subdivision (2). At the relevant time, that crime required that the act of rape be committed "against a person's will by means of force, violence, or fear of immediate and unlawful bodily injury on the person or another." (Stats. 1986, ch. 1299, § 1, p. 4592.) The crime is thus a sexually violent offense as defined in section 6600

8

of the Welfare and Institutions Code, which includes rape, as defined in section 261, "when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person." (Welf. & Inst. Code, § 6600, subd. (b); see *People v. Franklin* (2003) 105 Cal.App.4th 532, 536 [rape under former section 261, subdivision (2) qualifies as a sexually violent offense].) Therefore, because Scott's prior prison term enhancements were based upon his conviction for a sexually violent offense, the one-year enhancements imposed in 2008 were not invalidated by Senate Bill No. 483, and he is ineligible for resentencing under section 1172.75 as a matter of law. Because he is ineligible for resentencing under section 1172.75, the full resentencing rule does not apply.

## C. *Ineffective Assistance of Counsel*

Scott further contends that his court-appointed counsel failed to communicate with him during the pendency of the section 1172.75 proceedings, made false statements to the court about their communication, and provided ineffective assistance. Even if we assume that counsel's performance was deficient, Scott has failed to show the requisite "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland v. Washington* (1984) 466 U.S. 668, 694.) As explained above, Scott's prison term for forcible rape and his commission of a felony within five years of his release from prison makes him ineligible for resentencing under section 1172.75 as a matter of law. Therefore, regardless of counsel's alleged ineffectiveness, the denial of resentencing is the only lawful

9

outcome of the proceeding.  Scott's ineffective assistance claim is therefore without merit.

### D.    *Conclusion*

For all the foregoing reasons, we reject the arguments raised in Scott's supplemental brief and addendum and affirm the court's order denying resentencing.[2]

## DISPOSITION

The March 1, 2024, order denying resentencing under section 1172.75 is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:



BENDIX, J.



M. KIM, J.

---

[2] We are satisfied that counsel has complied with his obligations under *Delgadillo*.

10