Filed 11/26/25  P. v. Bell CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B337354 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA350562) |
| v. | |
| RONNIE O'NEIL BELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark Hanasono, Judge.  Sentence vacated and appeal dismissed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven E. Mercer and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# MEMORANDUM OPINION[1]

In 2010, the trial court sentenced defendant and appellant Ronnie O'Neil Bell to an aggregate term of 35 years to life in prison after a jury convicted him of two counts of second degree robbery (Pen. Code, § 211),[2] one count of assault with a deadly weapon (§ 245, subd. (a)(1)), and one count of carjacking (§ 215, subd. (a)). The sentence included a one-year enhancement under section 667.5, subdivision (b) for a prior prison term based on Bell's 1987 conviction on seven felony counts, including one count of forcible rape (former § 261, subd. (2)).[3]

In 2019, the Legislature enacted Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590), which eliminated the one-year enhancement for prior prison terms under section 667.5, subdivision (b) except in the case of defendants whose prior prison term was imposed for a sexually violent offense. Two years later, the Legislature enacted section 1172.75,[4] which declared all existing enhancements imposed under section 667.5, subdivision (b) invalid except when the enhancement was imposed for a prior conviction for a sexually violent offense, and created a mechanism for eliminating the invalid enhancements

---

[1] See California Standards of Judicial Administration, section 8.1.

[2] Unspecified statutory references are to the Penal Code.

[3] This provision has subsequently been recodified as section 261, subdivision (a)(2). (See *People v. Franklin* (2003) 105 Cal. App.4th 532, 536 ["the language of current . . . [§] 261, [subd.] (a)(2), tracks the language of former . . . [§] 261, [subd.] 2"].)

[4] The law was originally codified at section 1171.1 (Stats. 2021, ch. 728, § 3).

from sentences of defendants in custody.  (Sen. Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3).)

In November 2023, Bell filed a petition requesting that the superior court recall his sentence and resentence him under section 1172.75.  The court held a resentencing hearing at which both sides agreed Bell was entitled to resentencing on the section 667.5, subdivision (b) enhancement, and neither the court nor the parties discussed the exception for defendants whose enhancements were based on prior prison terms imposed for sexually violent offenses.  The court recalled Bell's sentence, struck the enhancement under section 667.5, subdivision (b), and resentenced him to 34 years to life.

Bell appeals from the resentencing order.  He argues the superior court misapplied the law when it decided not to strike a five-year serious-felony enhancement under section 667, subdivision (a) from his sentence because the court failed to afford sufficient weight to certain mitigating factors (see § 1385, subd. (c)(2)).  He contends we must remand the case to the superior court for a new resentencing hearing.  The People argue that Bell was ineligible for resentencing because his enhancement under section 667.5, subdivision (b) was imposed for a sexually violent offense, and that we must vacate the court's order recalling his prior sentence and resentencing him.

We conclude the superior court lacked jurisdiction to resentence Bell; its order purporting to do so is therefore void. "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634.)  The Legislature may create exceptions to this rule by enacting a statute giving a defendant

3

the right to petition for resentencing, and indeed has done so several times. (*Id.* at p. 637, citing §§ 1170.126, 1170.18, former § 1170.95, subsequently recodified as § 1172.6.) But "section 1172.75 . . . does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 384; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268.) Instead, the Secretary of the Department of Corrections and Rehabilitation (CDCR) or the county correctional administrator initiates resentencing proceedings under section 1172.75 by "identify[ing] those persons in their custody currently serving a term for a judgment that includes an [invalid] enhancement . . . and . . . provid[ing] the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (*Id.*, subd. (b).) There is no indication in the record that the CDCR took such action in this case.

Because the execution of Bell's sentence began years ago and no statutory exception applied, the superior court lacked jurisdiction to resentence him. This is "not merely another way to say [the court] acted in excess of its jurisdiction. Rather, it lacked fundamental jurisdiction, and its order was therefore void, not simply voidable. [Citation.] Accordingly, we vacate the order." (*People v. Boyd* (2024) 103 Cal.App.5th 56, 71, citing *Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 292 ["courts have 'inherent power to vacate void orders' "].)[5]

---

[5] In *People v. Cota* (2025) 112 Cal.App.5th 1118, review granted October 1, 2025, S292637, the court held that the superior court had jurisdiction to resentence a defendant who

4

The CDCR had good reason not to initiate resentencing proceedings in Bell's case. Because his section 667.5, subdivision (b) enhancement was imposed for a prior conviction for a sexually violent offense, that enhancement remained valid and Bell was not entitled to resentencing. Section 1172.75 disallows resentencing for defendants whose enhancements were "imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code." (§ 1172.75, subd. (a).) At Bell's original sentencing hearing, the trial court stated that it was imposing the enhancement "for the conviction of a [former section] 261.2." This was a reference to Bell's 1987 conviction for forcible rape in violation of then-section 261, subdivision (2). The definition of " '[s]exually violent offense' " in the Welfare and Institutions Code includes violations of section 261. (Welf. & Inst. Code, § 6600, subd. (b).)

Bell argues he nevertheless remains eligible for resentencing. He claims that "seven prior prison term

_____

filed his own petition under section 1172.75, but in that case, the CDCR had already "identified the defendant as serving a sentence containing a now-invalid 'prison prior' but did not timely notify the sentencing court of that identification." (*Cota, supra*, at p. 1124.) The *Cota* court concluded that the "CDCR's *notification* obligation is directory rather than mandatory or jurisdictional." (*Ibid.*, italics added.) In addition, the primary issue in *Cota* was timing. The CDCR did notify the trial court that the defendant was potentially eligible, albeit not until after the court had denied his petition. (*Id.* at p. 1125.) Nothing in *Cota* stands for the proposition that the superior court has jurisdiction to resentence under section 1172.75 in the absence of any action at all by the CDCR.

enhancements under section 667.5, subdivision (b) were alleged and found true under the same case," referring to his 1987 conviction on seven counts.  Although the trial court at the original sentencing hearing imposed a single enhancement based on Bell's conviction for rape, the court did not state that it was striking any additional enhancements under section 667.5, subdivision (b).  Bell appears to suggest that the court must have imposed but stayed the remaining enhancements.  Three of Bell's 1987 convictions were for offenses defined as sexually violent under Welfare and Institutions Code section 6600: in addition to the conviction for forcible rape under former section 261, subdivision (2), Bell was convicted of forcible sodomy (former § 286, subd. (c), subsequently recodified as § 286, subd. (c)(2)) and oral copulation (former § 288a, subsequently renumbered as § 287).  But four of Bell's convictions were for crimes that do not fit the statutory definition of a sexually violent offense: robbery (§ 211), burglary (§ 459), sexual battery (§ 243.4), and robbery in an inhabited dwelling (former § 213.5).[6]  Defendants whose section 667.5, subdivision (b) enhancements were imposed for these offenses remain eligible for resentencing under section 1172.75.

This argument misunderstands section 667.5. Enhancements under the statute are not assessed per conviction, but rather per "prior separate prison term."  (*Id.*, subd. (b).)  That term is defined as "a continuous completed period of prison incarceration imposed for the particular offense alone or in

---

[6] Robbery perpetrated in an inhabited dwelling is included in section 212.5, subdivision (a) as part of the definition of first degree robbery.

combination with concurrent or consecutive sentences for other crimes." (*Id.*, subd. (g).) In other words, if a defendant like Bell has served a prior prison term following a conviction for several offenses, a section 667.5 enhancement "can be imposed only once, on the aggregate sentence." (*People v. Edwards* (2011) 195 Cal.App.4th 1051, 1060; accord, *People v. James* (1980) 102 Cal.App.3d 728, 733 ["a defendant who has served concurrent or consecutive prison sentences on various commitments is deemed to have served only one prior prison term for the purpose of the enhancement provisions of . . . [§] 667.5"].) Although the resentencing court used the plural form in referring to "prior prison term enhancements under section 667.5[, subdivision] ([b])," the court at the original sentencing hearing correctly referred to only a *single* enhancement allegation based on Bell's *single* prison term for seven convictions in 1987.

This case is not like *People v. Green* (2024) 104 Cal.App.5th 365, where the court held the defendant was eligible for resentencing despite his prior conviction for a sexually violent offense because "the People did not plead or seek to impose the section 667.5, subdivision (b) enhancement based on" that offense. (*Green, supra*, at p. 370.) In this case, the People alleged all seven prior convictions, and the trial court explicitly stated on the record that it was imposing the enhancement based on Bell's rape conviction. As the *Green* court noted, when interpreting a statute, "[w]e first look to the ' " ' " 'plain and commonsense meaning' " ' " ' of the words of the statute, keeping the purpose of the statute and the ' " ' "context of the statutory framework" ' " ' in mind." (*Ibid.*) Under that standard, one cannot avoid the conclusion that Bell's enhancement was "imposed for a prior conviction for a sexually violent offense." (§ 1172.75, subd. (a).)

It would be absurd to reach a different result because Bell's prior prison sentence was imposed in part for his commission of non-sexually violent offenses.  It would mean that a defendant who was convicted only of rape was ineligible for relief, but a defendant like Bell, who raped his victim after breaking into her house, would be eligible for resentencing because he was convicted of burglary and other offenses in addition to rape.  There is no reason to believe the Legislature intended such a result.

## DISPOSITION

The superior court's order recalling Bell's sentence and resentencing him is vacated, and the appeal is dismissed.  The superior court is directed to reinstate Bell's original sentence and provide a corrected abstract of judgment to the CDCR.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

M. KIM, J.

8