[No. B141817. Second Dist., Div. Three. Dec. 29, 2000.]

GIL GARCETTI, as District Attorney, etc., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
BARRY MERIL BLAKE, Real Party in Interest.

COUNSEL

Gil Garcetti, District Attorney, Fred Klink and Brent Riggs, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Michael P. Judge, Public Defender, Albert J. Menaster, John Douglas and Jack T. Weedin, Deputy Public Defenders, for Real Party in Interest.

## OPINION

**KLEIN, P. J.**—Gil Garcetti, District Attorney of Los Angeles County, petitions for a writ of mandate to overturn the superior court's order sustaining a demurrer by Barry Meril Blake (Blake) to the People's commitment petition under the Sexually Violent Predators Act (SVP Act) (Welf. & Inst. Code, § 6600 et seq.) and dismissing the commitment proceedings.[1]

A requisite to a commitment under the SVP Act is that a defendant have been convicted of sexually violent offenses against at least two victims. (§ 6600, subd. (a).) Section 6600, subdivision (a) provides "a conviction resulting in a finding that the person was a mentally disordered sex offender

---

[1]All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

. . . shall . . . be deemed to be a sexually violent offense." The essential issue presented is whether a conviction of an attempted lewd or lascivious act upon a child under age 14 (hereafter lewd act), resulting in a finding that the defendant was a mentally disordered sex offender (MDSO), qualifies as a prior conviction for purposes of the SVP Act.[2]

We conclude that any conviction resulting in an MDSO finding qualifies as a prior conviction for purposes of the SVP Act. Therefore, the commitment petition is well pled. We reject the trial court's ruling the statute is ambiguous in this regard and we grant the relief requested.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2000, the People filed a petition to commit Blake pursuant to the SVP Act. The petition alleged Blake was convicted on February 6, 1977, of a violation of Penal Code sections 664/288 (attempted lewd act), and on January 4, 1980, of a violation of Penal Code section 288 (lewd act).

On May 9, 2000, Blake filed a demurrer asserting the petition should be dismissed for failing to allege two qualifying convictions as required by section 6600, subdivision (a), because the alleged conviction of an attempted lewd act is not a qualifying prior conviction under section 6600, subdivision (b).

On May 23, 2000, the trial court sustained Blake's demurrer with leave to amend.

On May 31, 2000, the People filed an amended petition, again alleging as the required two priors the convictions of a lewd act and attempted lewd act, with the latter conviction resulting in a finding that Blake was an MDSO.

The matter was heard on May 31, 2000. Blake's counsel entered an oral demurrer by reference to the written demurrer to the original petition. Following argument on the interpretation of the statute, the People stated: "The case falls or stands on the basis of the two alleged priors. There are no other priors." The trial court ruled the conviction of an attempted lewd act, accompanied by an MDSO finding, did not qualify as a prior conviction

---

[2]The Mentally Disordered Sex Offenders Act, former section 6300 et seq., was repealed in 1981. (Stats. 1981, ch. 928, § 2, p. 3485.) Former section 6300 defined an MDSO as "any person who by reason of mental defect, disease, or disorder, is predisposed to the commission of sexual offenses to such a degree that he is dangerous to the health and safety of others." (Stats. 1967, ch. 1667, § 37, p. 4116.)

under section 6600 and ordered the petition dismissed, but stayed an order for Blake's release until June 6, 2000.[3]

On June 5, 2000, the People filed a petition for writ of mandate. We promptly stayed Blake's release pending determination of the writ petition and issued an order to show cause.

## CONTENTIONS

The People contend the trial court erred in sustaining the demurrer because Blake's conviction of an attempted lewd act, accompanied by an MDSO finding, qualifies as a predicate offense for a commitment under the SVP Act.

## DISCUSSION

1. *The pertinent statute.*

The SVP Act "is aimed at protecting society from, and providing treatment for, that 'small but extremely dangerous group of sexually violent predators' who have diagnosable mental disorders identified while they are incarcerated for designated violent sex crimes, and who are determined to be unsafe and, if released, to represent a danger to others through acts of sexual violence. (Stats. 1995, ch. 763, § 1.) Such persons may be committed to a state mental institution for a period after their term of imprisonment. To be eligible for such commitment, there must be determinations under the auspices of the Departments of Corrections and Mental Health, and a petition filed by the prosecutor. The defendant must have suffered convictions for defined sex crimes against at least two different persons, and can be committed only after a probable cause hearing and trial. (§§ 6600, subd. (a), 6602, 6603.)" (*Garcetti v. Superior Court* (1999) 76 Cal.App.4th 685, 688 [90 Cal.Rptr.2d 581].)

" 'Sexually violent predator' " is defined by the statute as "a person who has been convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§ 6600, subd. (a).)

The original version of section 6600, effective January 1, 1996, made it a requisite to a commitment under the SVP Act that the defendant have been

---

[3]The trial court's rationale is set forth in detail below.

convicted of sexually violent offenses against at least two persons, for which he or she received a *determinate* sentence. (*Garcetti v. Superior Court, supra,* 76 Cal.App.4th at p. 691.) The statute was amended by urgency legislation, effective September 13, 1996. (*Id.* at p. 689.)

The second paragraph of section 6600, subdivision (a), was among the changes made by this amendment. (*Garcetti v. Superior Court, supra,* 76 Cal.App.4th at p. 689.) Said paragraph provides: "For purposes of this subdivision, a prior finding of not guilty by reason of insanity for an offense described in subdivision (b), a conviction for an offense under a predecessor statute that includes all of the elements of an offense described in subdivision (b), a conviction prior to July 1, 1977, for an offense described in subdivision (b), *a conviction resulting in a finding that the person was a mentally disordered sex offender,* or a conviction in another jurisdiction for an offense that includes all the elements of an offense described in subdivision (b), *shall also be deemed to be a sexually violent offense even if the offender did not receive a determinate sentence for that prior offense.*" (§ 6600, subd. (a), italics added.)

The term " '[s]exually violent offense' " is defined in section 6600, subdivision (b), as the "following acts when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, and that are committed on, before, or after the effective date of this article and result in a conviction or a finding of not guilty by reason of insanity, as provided in subdivision (a): a felony violation of paragraph (2) of subdivision (a) of Section 261, paragraph (1) of subdivision (a) of Section 262, Section 264.1, subdivision (a) or (b) of Section 288, or subdivision (a) of Section 289 of the Penal Code, or sodomy or oral copulation in violation of Section 286 or 288a of the Penal Code." (§ 6600, subd. (b).)

There is no dispute that Blake's alleged conviction of an attempted lewd act (Pen. Code, §§ 664/288) is not an offense described in section 6600, subdivision (b), and therefore said conviction qualifies, if at all, by reason of the resulting MDSO finding.[4]

2. *Trial court erred in finding the statute is ambiguous with respect to nature of prior offenses resulting in MDSO findings.*

a. *Trial court's ruling.*

The trial court found section 6600 is ambiguous due to the Legislature's insertion of a comma between the phrase "a conviction resulting in a finding

---

[4]For whatever reason, the Legislature did not include an *attempted* lewd act (Pen. Code, §§ 288, subd. (b), 664) as a qualifying offense within section 6600, subdivision (b).

that the person was a mentally disordered sex offender" and the phrase describing a qualifying out-of-state prior, the latter phrase concluding with the language "for an offense that includes all the elements of an offense described in subdivision (b)." (§ 6600, subd. (a).)

The trial court noted the People's argument "that the placing of [the] comma after the word 'offender' indicates the Legislature's intent not to require a subdivision (b) [offense for the MDSO] prior. It seems clear to the court that in every other part of that paragraph subdivision (b) is explicitly set forth including the description of the out-of-state prior which has all the elements of the subdivision (b) offense. [¶] And it seems to the court that [the] Legislature reasonably could have concluded, despite the comma following the word 'offender,' that [the] Legislature intended that the subdivision (b) qualifier also apply to the MDSO finding. If the Legislature did not so intend, then the court is faced with an ambiguity in the statute which given the restrictions on liberty interests requires the court to apply any reasonable doubt in favor of the person against whom the statute is sought to be applied[.]"

b. *Trial court's interpretation is at odds with ordinary rules of statutory construction.*

 "In ascertaining the Legislature's intent, we turn first to the language of the statute, giving the words their ordinary meaning. [Citations.] We must follow the statute's plain meaning, if such appears, unless doing so would lead to absurd results the Legislature could not have intended. [Citations.] If our examination of the statutory language leaves doubt about its meaning, we may consult other evidence of the Legislature's intent, such as the history and background of the measure. [Citations.]" (*People v. Birkett* (1999) 21 Cal.4th 226, 231-232 [87 Cal.Rptr.2d 205, 980 P.2d 912].)

 The second paragraph of section 6600, subdivision (a) contains five categories within which a finding or conviction will "be deemed to be a sexually violent offense even if the offender did not receive a determinate sentence for that prior offense" (§ 6600, subd. (a)): *first,* "a prior finding of not guilty by reason of insanity *for an offense described in subdivision (b)*" (*ibid.,* italics added); *second,* "a conviction for an offense under a predecessor statute *that includes all of the elements of an offense described in subdivision (b)*" (*ibid.,* italics added); *third,* "a conviction prior to July 1, 1977, *for an offense described in subdivision (b)*" (*ibid.,* italics added); *fourth,* "a conviction resulting in a finding that the person was a mentally disordered sex offender" (*ibid.*); and *fifth,* "a conviction in another jurisdiction *for an offense that includes all the elements of an offense described in subdivision (b)*" (*ibid.,* italics added).

In four of the five categories, the Legislature made reference to the list of offenses set forth in section 6600, subdivision (b), so that for those four categories, the finding or conviction must be for an offense specified in subdivision (b) or for an offense that includes all the elements of an offense on that list. However, for the remaining category of convictions resulting in an MDSO finding, the Legislature did not so provide. Clearly, with respect to the MDSO category, the Legislature could have specified "for an offense described in subdivision (b)" or "for an offense that includes all the elements of an offense described in subdivision (b)," had it intended to do so. Pointedly, the Legislature did not so specify.

 c. *Trial court's interpretation is at odds with the "last antecedent rule" of statutory construction.*

We now address that portion of the trial court's interpretation which was based on the statute's punctuation. The punctuation of a statute can be helpful in ascertaining its proper interpretation. ▮▮▮ "A longstanding rule of statutory construction—the 'last antecedent rule'—provides that 'qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote.' [Citations.]" (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 680 [183 Cal.Rptr. 520, 646 P.2d 191] (*White*).) Evidence that "a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma." (*Ibid.*)

In *White*, the statute in issue was Government Code section 3303, which "define[d] 'punitive action' as 'any action which may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, *or transfer for purposes of punishment.*'" (*White, supra,* 31 Cal.3d at p. 679, italics added.) The question presented was whether the phrase " 'for purposes of punishment' " qualified each of the preceding terms or only the word " 'transfer.' " (*Id.* at pp. 679-680.)

The Supreme Court concluded the phrase " 'for purposes of punishment' " was intended to modify only the term " 'transfer.' " (*White, supra,* 31 Cal.3d at p. 680.) It reasoned "the phrase 'for purposes of punishment' is *not* set off from the preceding terms by a comma. Instead, the entire phrase, 'transfer for purposes of punishment,' is set off from the preceding terms by a comma followed by the word 'or.' Such use of the word 'or' in a statute indicates an intention to use it disjunctively so as to designate alternative or separate categories. [Citations.] Thus, application of the ordinary rules of statutory construction strongly suggests that the phrase 'for purposes of punishment' was intended to modify only the term 'transfer.' " (*Ibid.*)

In the instant case, the question is whether the phrase "for an offense that includes all the elements of an offense described in subdivision (b)" applies only to the words immediately preceding it, namely, "a conviction in another jurisdiction," or whether said phrase also applies to the preceding provision, namely, "a conviction resulting in a finding that the person was a mentally disordered sex offender." (§ 6600, subd. (a).) The phrase "for an offense that includes all the elements of an offense described in subdivision (b)" is not preceded by a comma. (§ 6600, subd. (a).) Therefore, under the last antecedent rule as applied in *White*, it appears the phrase "for an offense that includes all the elements of an offense described in subdivision (b)" applies only to the words "a conviction in another jurisdiction" and not to the words "a conviction resulting in a finding that the person was a mentally disordered sex offender." (§ 6600, subd. (a).)[5]

(1) *Recognized exceptions to last antecedent rule not applicable.*

There are two exceptions to the last antecedent rule, but neither is applicable here.

"The first exception provides that ' "[w]hen several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." ' [Citations.]" (*White, supra*, 31 Cal.3d at pp. 680-681.) Here, the phrase "for an offense that includes all the elements of an offense described in subdivision (b)" is not equally applicable to all the preceding terms. Out-of-state convictions are not "described in subdivision (b)"—subdivision (b) only describes California Penal Code offenses. Therefore, for out-of-state offenses, the statute uses the language "a conviction in another jurisdiction for an offense that includes all the elements of an offense described in subdivision (b))," which amounts to an elements test. (§ 6600, subd. (a).)

However, for an *in-state* "conviction resulting in a finding that the person was a mentally disordered sex offender," instead of an elements test, the Legislature could have used the qualifying language "for an offense described in subdivision (b)," as it repeatedly did elsewhere in subdivision (a). (§ 6600, subd. (a).) It did not do so. We conclude the phrase "for an offense that includes all the elements of an offense described in subdivision (b)" is not equally applicable to all the preceding terms. (§ 6600, subd. (a).) Therefore, this exception to the last antecedent rule is unavailing to Blake.

---

[5]We observe that had the Legislature used a colon and semicolons instead of merely commas to separate the five categories listed in subdivision (a) of section 6600, this issue never would have arisen.

The "second exception to the 'last antecedent rule' provides that '[w]here the sense of the entire act requires that a qualifying word or phrase apply to several preceding wo[r]ds . . . , [its application] will not be restricted . . . .' [Citations.] This is, of course, but another way of stating the fundamental rule that a court is to construe a statute ' "so as to effectuate the purpose of the law".' [Citation.]" (*White, supra,* 31 Cal.3d at p. 681.) We perceive nothing in the intent of the Legislature requiring the phrase "a conviction resulting in a finding that the person was a mentally disordered sex offender" to be qualified by the phrase "for an offense that includes all the elements of an offense described in subdivision (b)." (§ 6600, subd. (a).) As explained below, the legislative history is to the contrary.

(2) *Legislative history supports application of last antecedent rule.*

As noted, the original version of section 6600, effective January 1, 1996, made it a requisite to a commitment under the SVP Act that the defendant have been convicted of sexually violent offenses against at least two persons, for which he or she received a determinate sentence. (Stats. 1995, ch. 762, § 3; Stats. 1995, ch. 763, § 3; *Garcetti v. Superior Court, supra,* 76 Cal.App.4th at p. 691.) The statute was amended later that year to also apply to qualifying convictions for which an indeterminate term was imposed. (*Garcetti, supra,* at pp. 691-693.) It was at that juncture that persons designated as MDSO's were made subject to the SVP Act. (Stats. 1996, ch. 462, § 4.)

The legislative history reveals that when section 6600 was amended to expand the persons subject to the SVP Act to include persons who had been designated as MDSO's, there was no differentiation of the types of offenses committed by MDSO's. The statutory provision at issue here, involving convictions which thereafter resulted in an MDSO finding, was enacted by the 1996 amendment. (Stats. 1996, ch. 462, § 4, eff. Sept. 13, 1996.) The report of the Senate Rules Committee on Assembly Bill No. 3130 contains the following paragraph: "This bill would increase the definition of a 'sexually violent predator' to include persons who have a prior finding [of] not guilty by reason of insanity, who were convicted under [the] indeterminate sentencing law, or who have an out-of-state conviction, for one of the specified offenses, *or who were designated as Mentally Disordered Sex Offenders under that program.*" (Sen. Rules Com., 3d reading analysis of

Assem. Bill No. 3130 (1995-1996 Reg. Sess.) as amended July 15, 1996, italics added.)[6]

Thus, the legislative history indicates the phrase "a conviction resulting in a finding that the person was a mentally disordered sex offender" was not intended to be read in conjunction with the phrase "for an offense that includes all the elements of an offense described in subdivision (b)." (§ 6600, subd. (a).)

### 3. *Blake's constitutional argument is unavailing.*

Finally, Blake contends inclusion of all MDSO commitments as "sexually violent offenses" within the ambit of the SVP Act would go beyond the "small but extremely dangerous group" that the Legislature intended to capture under the SVP Act. In that regard, "The Legislature [found] and declare[d] that a small but extremely dangerous group of sexually violent predators . . . have diagnosable mental disorders [that] can be identified while they are incarcerated." (Stats. 1995, ch. 762, § 1; Stats. 1995, ch. 763, § 1; Historical and Statutory Notes, 73D West's Ann. Welf. & Inst. Code (1998 ed.) foll. § 6600, pp. 249-250.) Blake further argues the United States Supreme Court upheld the constitutionality of Kansas's Sexually Violent Predator Act based in part on the fact it only involved the involuntary civil commitment "of a limited subclass of dangerous persons." (*Kansas v. Hendricks* (1997) 521 U.S. 346, 357 [117 S.Ct. 2072, 2080, 138 L.Ed.2d 501].) Blake argues the inclusion of MDSO commitments, which may have resulted from misdemeanor nonviolent offenses such as possession of obscene matter (Pen. Code, § 311.2) or indecent exposure (Pen. Code, § 314), would go well beyond the range of "a small but extremely dangerous group" (Stats. 1995, ch. 762, § 1; Stats. 1995, ch. 763, § 1) or "a limited subclass of dangerous persons." (*Kansas, supra,* 521 U.S. at p. 357 [117 S.Ct. at p. 2080].) The argument is unavailing.[7]

A person determined to be an MDSO, by definition, is one "who by reason of mental defect, disease, or disorder, is predisposed to the commission of

---

[6]This legislative material is properly before us by way of judicial notice. (Evid. Code, §§ 452, subd. (c) & 459; *Commodore Home Systems, Inc. v. Superior Court* (1982) 32 Cal.3d 211, 218, fn. 9 [185 Cal.Rptr. 270, 649 P.2d 912]; *Grubb & Ellis Co. v. Bello* (1993) 19 Cal.App.4th 231, 240 [23 Cal.Rptr.2d 281]; *Garcetti v. Superior Court, supra,* 76 Cal.App.4th at p. 692.)

[7]We address Blake's overbreadth challenge because section 6600 implicates a liberty interest. (*In re Marriage of Siller* (1986) 187 Cal.App.3d 36, 49 [231 Cal.Rptr. 757].) As to Blake, however, section 6600, subdivision (a) is not overbroad because as alleged in the commitment petition, his MDSO finding was based upon a conviction of attempted lewd act, a felony.

sexual offenses to such a degree that he is dangerous to the health and safety of others." (Former § 6300; see fn. 2, *ante.*) Thus, the class of persons subject to commitment under the MDSO Act was somewhat broader than those subject to the SVP Act, which is aimed at sexually violent predators. (Former § 6300; § 6600.) Nonetheless, the Legislature chose to use any conviction resulting in an MDSO finding as a qualifying prior conviction under the SVP Act. (§ 6600, subd. (a).) Admittedly, section 6600, subdivision (a), is not a model of drafting in that it deems any "conviction resulting in a finding that the person was a mentally disordered sex offender" as "a sexually violent offense." However, as explained, mere status as an MDSO, standing alone, is insufficient to give rise to commitment under the SVP Act.

In this regard, section 6600 states: "Conviction of one or more of the crimes enumerated in this section shall constitute evidence that may support a court or jury determination that a person is a sexually violent predator, *but shall not be the sole basis for the determination.* . . . Jurors shall be admonished that they may not find a person a sexually violent predator based on prior offenses absent relevant evidence of a currently diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§ 6600, subd. (a), italics added.) Further, with respect to the People's burden of proof, section 6604 provides: "The court or jury shall determine whether, *beyond a reasonable doubt*, the person is a sexually violent predator." (Italics added.)

Thus, prior convictions resulting in MDSO findings may be used as predicate prior offenses under the SVP Act, but the predicate priors cannot themselves, standing alone, serve as the basis for commitment and treatment under the SVP Act. The predicate sexually violent offenses merely screen Blake from the general prison population. For commitment to occur, the People must not only allege and prove the prior offenses, but must also establish beyond a reasonable doubt that the person "has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§§ 6600, subd. (a), 6604.) Therefore, Blake's concern that persons will be committed under the SVP Act based on their convictions for nonviolent, noncontact, and nonpredatory offenses is unfounded.[8]

---

[8]Pursuant to the latest amendment to section 6600, effective January 1, 2001, the statute will provide as follows: "(a)(1) 'Sexually violent predator' means a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior. [¶] (2) For purposes of this subdivision any of the following shall be considered a conviction for a sexually violent

## Disposition

The order to show cause is discharged. Let a writ of mandate issue directing respondent court to vacate its order dismissing the amended petition and to enter a new order reinstating the petition and overruling Blake's demurrer thereto.

Croskey, J., and Kitching, J., concurred.

A petition for a rehearing was denied January 25, 2001, and the petition of real party in interest for review by the Supreme Court was denied April 11, 2001.

---

offense: [¶] . . . [¶] (G) *A conviction resulting in a finding that the person was a mentally disordered sex offender.*" (Italics added.)

Thus, section 6600, subdivision (a)(2)(G) sets forth as a separate category of qualifying convictions those resulting in MDSO findings, without reference to any offenses described in section 6600, subdivision (b). This clarification in the amendment is consistent with our interpretation of the current statute.