183 Cal.App.4th 85 (2010)
107 Cal. Rptr. 3d 201
THE PEOPLE, Petitioner,
v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CHRISTOPHER SHARKEY, Real Party in Interest.
No. B219011.
Court of Appeals of California, Second District, Division Three.
March 25, 2010.
*87 Steve Cooley, District Attorney, Irene Wakabayashi, Head Deputy District Attorney, and Shirley S.N. Sun, Deputy District Attorney, for Petitioner.
No appearance for Respondent.
Michael P. Judge, Public Defender, Albert J. Menaster, Karen King and Jack T. Weedin, Deputy Public Defenders, for Real Party in Interest.

*88 OPINION
KLEIN, P. J.
The People seek a writ of mandate directing respondent superior court to vacate its order dismissing a petition for commitment of Christopher Sharkey (Sharkey) as a sexually violent predator (SVP) and to enter a new order setting the matter for proceedings pursuant to the Sexually Violent Predator Act (SVPA) (Welf. & Inst. Code, § 6600 et seq.).[1]
Four days before Sharkey's scheduled parole release date, because his evaluation as a potential SVP was not yet complete, the Board of Parole Hearings (Board) placed a 45-day hold pursuant to section 6601.3, to facilitate full SVP evaluations to be completed by California's State Department of Mental Health (CDMH).
Section 6601.3 provides for a hold of up to 45 days for "good cause." Section 6601.3 does not specify what constitutes "good cause" for such a hold. However, California Code of Regulations, title 15, section 2600.1, subdivision (d), a regulation promulgated by the Board, supplies the definition. The regulation states: "For purposes of this section, good cause to place a 45-day hold pursuant to Welfare and Institutions Code section 6601.3 exists when either the inmate or parolee in revoked status is found to meet all the following criteria: [¶] (1) Some evidence that the person committed a sexually violent offense by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, ... which resulted in a conviction or a finding of not guilty by reason of insanity .... [¶] ... [¶] (2) Some evidence that the person is likely to engage in sexually violent predatory criminal behavior." (Cal. Code Regs., tit. 15, § 2600.1, subd. (d), italics added.)
The essential issue before this court is the validity of the regulation's definition of good cause for imposition of a 45-day hold. We conclude the regulation's standard for good cause is proper.
Further, the regulation's standard for good cause was met in this case there was some evidence before the Board that Sharkey had committed a qualifying offense and some evidence he is likely to engage in sexually violent predatory criminal behavior. Therefore, the Board had good cause to impose a 45-day hold. Accordingly, we grant the People's petition and direct the trial court to reinstate the SVPA commitment petition.

FACTUAL AND PROCEDURAL BACKGROUND
According to the petition to commit Sharkey as an SVP, in 1979 he was convicted of one count of rape by force (Pen. Code, § 261), and in 1990 he *89 again was convicted of one count of rape by force and an additional count of assault with intent to commit rape (Pen. Code, § 220).
The 1990 conviction resulted in a 37-year prison sentence. Sharkey's scheduled parole release date was November 24, 2008.

1. Sharkey's screening and evaluation as a potential SVP; Sharkey is referred to the Board for evaluation as a potential SVP.

On February 19, 2008, about nine months before the scheduled release date, Sharkey was screened by a correctional counselor, who determined that Sharkey "meets criteria as a potential SVP pursuant to" section 6600 et seq.[2]
On March 12, 2008, after having determined that Sharkey met the requirements for referral to the CDMH as a potential SVP, California's Department of Corrections and Rehabilitation (CDCR) referred Sharkey's case to the Board for further evaluation as an SVP, pursuant to section 6601, subdivision (b).[3] The referral packet included CDCR form 7377 with supporting documentation pertaining to the 1990 conviction, namely, a legal status summary, a staff recommendation summary which contained information obtained on Sharkey by the correctional counselor, the probation officer's report, the abstract of judgment, chronological history of records by staff, the complaint and information in the criminal case, and a criminal history on Sharkey.
On March 17, 2008, following the Board's receipt of Sharkey's packet, it was assigned to Richard Perry (Perry), a retired parole agent who was working part time. Perry was assigned cases in which the release date was six to nine months away. Perry's role at that point was to confirm the qualifying convictions. In July 2008, Perry was laid off pursuant to a cost control directive.
*90 On August 13, 2008, the Board reassigned Sharkey's case to parole agent Andrea Zahner (Zahner).
Zahner's file notes reflected that she did not review the two 1990 convictions that had previously been identified. Rather, she sought information on the 1979 rape conviction. Although a single qualifying conviction sufficed under the SVPA, it was the Board's policy to provide as much information as possible to the CDMH for its review.
On September 11, 2008, the Board notified the CDMH that the CDCR had determined that Sharkey "meets the first level sexually violent predator ... criteria ... and has referred the package to the Board," and that the Board's "[i]ndependent review of the factors also indicates that this case meets the first level sexually violent predator criteria for referral to the [CDMH]," citing Sharkey's 1979 and 1990 convictions.
On September 16, 2008, Sharkey's files were uploaded by the CDMH. On September 19, 2008, Garrett Essres, Ph.D., a licensed psychologist on the CDMH panel, performed a level II screening of Sharkey's records to determine "whether or not there is any chance of a diagnosis in the presented case. If there is no chance of diagnosis or the risk is too low the case is not sent on for further evaluation." Dr. Essres referred Sharkey for further evaluation by the CDMH because of the "high actuarial risk, possible applicable diagnosis, predatory, untested in the community and high chronicity."
Sharkey was interviewed by Dr. Karlsson on October 3, 2008, and by Dr. Koetting on October 14, 2008. Dr. Karlsson submitted his report on October 29, 2008. Dr. Karlsson opined in his clinical evaluation summary that Sharkey met the criteria for prosecution under the SVPA.
On November 18, 2008, with only six days remaining before Sharkey's scheduled release date and with Dr. Koetting's report not yet having been completed, Elizabeth Mard, a caseworker with the CDMH, requested a 45-day extension of time from the Board in order to allow Dr. Koetting additional time to complete his report.
On November 20, 2008, the Board placed a 45-day hold effective November 24, 2008, pursuant to section 6601.3, "to facilitate full SVP evaluations to be concluded by the [CDMH]."
On December 2, 2008, Dr. Koetting submitted a 61-page evaluation of Sharkey. Dr. Koetting concurred with Dr. Karlsson that Sharkey met the criteria for prosecution under the SVPA.
On December 10, 2008, the CDMH recommended to the Los Angeles County District Attorney that it proceed with a civil commitment petition because Sharkey met the statutory criteria for commitment under the SVPA.
*91 On December 10, 2008, the CDMH recommended to the Los Angeles County District Attorney's Office that it proceed with a civil commitment petition because Sharkey met the statutory criteria for commitment under the SVPA.

2. SVPA proceedings.

On December 23, 2008, the People filed a petition for commitment of Sharkey as an SVP.
On January 6, 2009, the trial court determined there was probable cause to believe Sharkey was likely to engage in sexually violent predatory criminal behavior upon his release and ordered Sharkey detained in a secure facility pending trial. (§ 6602.)

3. Sharkey's motion to dismiss the SVP petition.

On January 13, 2009, Sharkey filed a motion to dismiss the SVP petition on the ground he had been in unlawful custody since November 24, 2008. Sharkey contended there was no justification for the Board's imposition, on November 20, 2008, of a 45-day hold pursuant to section 6601.3. The proffered justification for the 45-day extension was "to facilitate full SVP evaluations to be concluded" by the CDMH, but no explanation was given for the failure to complete the evaluations by November 24, 2008.
On January 14, 2009, the People filed a response to the dismissal motion, arguing that the CDCR, the CDMH and the Board all acted with reasonable dispatch. The People argued: Sharkey's case was referred for screening by the CDCR at least six months before his scheduled parole release date; some delay stemmed from the layoff of the Board's original evaluator, difficulty in obtaining records of Sharkey's 1979 prior conviction and the complexity of Sharkey's case; good cause existed for imposing the 45-day hold; the fact Dr. Koetting needed additional time to complete his evaluation does not demonstrate a lack of diligence; Dr. Koetting interviewed Sharkey on October 14, 2008, notified the CDMH of his positive conclusion on November 17, 2008, and completed his written evaluation on December 2, 2008. The People asserted "This is not an unreasonable time period when looking at the more than sixty-six documents that had to be reviewed in [Sharkey's] file," as well as the 61-page evaluation that Dr. Koetting prepared.
Thereafter, the parties filed supplemental papers in the trial court with respect to the validity of the pertinent regulation, California Code of Regulations, title 15, section 2600.1, which defines "good cause" for purposes of imposing a 45-day hold pursuant to section 6601.3. The regulation *92 provides: "(d) For purposes of this section, good cause to place a 45-day hold pursuant to Welfare and Institutions Code section 6601.3 exists when either the inmate or parolee in revoked status is found to meet all the following criteria: [¶] (1) Some evidence that the person committed a sexually violent offense ... which resulted in a conviction or a finding of not guilty by reason of insanity ... [and] [¶] (2) Some evidence that the person is likely to engage in sexually violent predatory criminal behavior. (Cal. Code Regs., tit. 15, § 2600.1, subd. (d), italics added.)
Sharkey contended the regulation does not meet due process standards because it lacks any provision to determine whether the delay was justified and whether the CDMH and the Board exercised due diligence. Further, even assuming the regulation is valid, no good cause was shown when the Board extended his scheduled release date by 45 days to allow more time to determine whether Sharkey met the criteria for civil commitment as an SVP.
The People argued the 45-day extension was proper because there was some evidence that Sharkey committed a sexually violent offense and some evidence he was likely to engage in sexually violent predatory criminal behavior. (Cal. Code Regs., tit. 15, § 2600.1, subd. (d).) Further, the time limit in section 6601, subdivision (a), requiring the CDCR to refer the case for evaluation at least six months before the scheduled release date, is directory, not mandatory, and here, the agencies involved were diligent in processing Sharkey's case.

4. Trial court's decision granting Sharkey's motion to dismiss the SVP petition, on the ground the Board lacked good cause to impose a 45-day hold.

On June 15, 2009, the trial court conducting an evidentiary hearing on the dismissal motion and took the matter under submission. On July 24, 2009, the trial court granted Sharkey's motion to dismiss the People's petition to commit him as an SVP on the ground there was no good cause to justify the 45-day hold to facilitate full SVP evaluations by the CDMH, but stayed its ruling until September 22, 2009.
In a written ruling filed August 21, 2009, the trial court set forth its rationale as follows:
"Under the definition of good cause in section [2600.1] of the regulations, there is good cause. There was `some evidence' that Mr. Sharkey met both parts of the criteria listed in section [2600.1]a qualifying offense and a [likelihood] of engaging in sexually violent predatory behavior, the latter satisfied by Dr. Karlsson's October 10, 2008 Clinical Evaluation Summary and his October 29, 2008 written report.
*93 "However, the court finds that the good cause definition set out in section [2600.1] of the CCR is clearly erroneous. It is not a definition of good causea reason why more time is needed. It simply declares that if the state of the underlying evidence is satisfactory under the `some evidence' standard, the deadline is not enforced." (Italics added.) Merely "because `some evidence' exists that an inmate meets the criteria as a SVP cannot establish good cause to meet the filing deadline."
The trial court concluded that because there was no good cause to extend the deadline, Sharkey was entitled to dismissal of the SVP commitment petition. The trial court extended its stay order to October 20, 2009, to enable the People to seek writ review of the order of dismissal.

5. The People's petition for relief from the trial court's ruling.

On September 22, 2009, the People filed the instant petition for writ of mandate, seeking to overturn the dismissal ruling and to reinstate the SVP petition. On September 29, 2009, this court issued an order to show cause and stayed the trial court's July 24, 2009 dismissal ruling pending further order of this court.

CONTENTIONS
The People contend: the trial court exceeded its jurisdiction in dismissing the SVP petition where Sharkey was in lawful custody at the time the petition was filed; the SVPA permits a petition to be filed if the person was in lawful custody at the time the petition is filed; the SVPA permits the Board to keep a potential SVP beyond his scheduled release date for full evaluation if some evidence exists that the inmate may be eligible for civil commitment as an SVP; the purpose and internal harmony of the SVPA as well as public policy support the correctness of California Code of Regulations, title 15, section 2600.1; and the court exceeded its jurisdiction in dismissing the SVP petition where any violation of the timelines was the result of a good faith mistake of law or fact.

DISCUSSION

1. Overview of the SVPA statutory scheme.

The Legislature enacted the SVPA based upon a declared concern that "a small but extremely dangerous group of sexually violent predators [who] have diagnosable mental disorders [that] can be identified while they are incarcerated ... are not safe to be at large and if released represent a danger to the health and safety of others in that they are likely to engage in acts of *94 sexual violence." (Stats. 1995, ch. 762, § 1, p. 5913; accord, Garcetti v. Superior Court (2000) 85 Cal.App.4th 1113, 1117 [102 Cal.Rptr.2d 703].)

a. Custodial evaluation of inmate for potential commitment as an SVP.

The statutory scheme provides for screening and evaluation of an inmate prior to his or her scheduled release date, to determine whether the People should pursue civil commitment of the individual as an SVP.
"Whenever the Secretary of the Department of Corrections and Rehabilitation determines that an individual who is in custody under the jurisdiction of the Department of Corrections and Rehabilitation, and who is either serving a determinate prison sentence or whose parole has been revoked, may be a sexually violent predator, the secretary shall, at least six months prior to that individual's scheduled date for release from prison, refer the person for evaluation in accordance with this section." (§ 6601, subd. (a)(1), italics added.)
The person "shall be screened by the Department of Corrections and Rehabilitation and the Board of Parole Hearings based on whether the person has committed a sexually violent predatory offense and on a review of the person's social, criminal, and institutional history. This screening shall be conducted in accordance with a structured screening instrument developed and updated by the State Department of Mental Health in consultation with the Department of Corrections and Rehabilitation. If as a result of this screening it is determined that the person is likely to be a sexually violent predator, the Department of Corrections and Rehabilitation shall refer the person to the State Department of Mental Health for a full evaluation of whether the person meets the criteria in Section 6600." (§ 6601, subd. (b).)
The "State Department of Mental Health shall evaluate the person in accordance with a standardized assessment protocol, developed and updated by the State Department of Mental Health, to determine whether the person is a sexually violent predator as defined in this article. The standardized assessment protocol shall require assessment of diagnosable mental disorders, as well as various factors known to be associated with the risk of reoffense among sex offenders. Risk factors to be considered shall include criminal and psychosexual history, type, degree, and duration of sexual deviance, and severity of mental disorder." (§ 6601, subd. (c).)
Pursuant "to subdivision (c), the person shall be evaluated by two practicing psychiatrists or psychologists, or one practicing psychiatrist and one practicing psychologist, designated by the Director of Mental Health, one or *95 both of whom may be independent professionals as defined in subdivision (g). If both evaluators concur that the person has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody, the Director of Mental Health shall forward a request for a petition for commitment under Section 6602 to the county designated in subdivision (i)." (§ 6601, subd. (d).)

b. Proceedings on an SVP commitment petition.

Once an SVP petition is filed, the trial court "shall review the petition and shall determine whether there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release." (§ 6602, subd. (a).) If the court determines there is probable cause, it "shall order that the person remain in custody in a secure facility until a trial is completed and shall order that a trial be conducted to determine whether the person is, by reason of a diagnosed mental disorder, a danger to the health and safety of others in that the person is likely to engage in acts of sexual violence upon his or her release from the jurisdiction of the Department of Corrections or other secure facility." (Ibid.)
The individual facing potential commitment as an SVP is "entitled to a trial by jury, to the assistance of counsel, to the right to retain experts or professional persons to perform an examination on his or her behalf, and to have access to all relevant medical and psychological records and reports." (§ 6603, subd. (a).) If trial is by jury, the verdict must be unanimous. (§ 6603, subd. (f).)

c. Provisions in issue herein.

The focus of this case is section 6601.3, relating to the custodial evaluation of the inmate prior to his scheduled release date. It provides: "Upon a showing of good cause, the Board of Prison Terms may order that a person referred to the State Department of Mental Health pursuant to subdivision (b) of Section 6601 remain in custody for no more than 45 days beyond the person's scheduled release date for full evaluation pursuant to subdivisions (c) to (i), inclusive, of Section 6601." (Italics added.)[4]
Section 6601.3 does not specify what constitutes "good cause" for a 45-day extension of time. However, the definition is supplied by California Code of *96 Regulations, title 15, section 2600.1, subdivision (d), a regulation promulgated by the Board. The regulation states: "For purposes of this section, good cause to place a 45-day hold pursuant to Welfare and Institutions Code section 6601.3 exists when either the inmate or parolee in revoked status is found to meet all the following criteria: [¶] (1) Some evidence that the person committed a sexually violent offense by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, ... which resulted in a conviction or a finding of not guilty by reason of insanity .... [¶] ... [¶] (2) Some evidence that the person is likely to engage in sexually violent predatory criminal behavior." (Italics added.)
The essential issue before us is the validity of the regulation's definition of good cause.

2. Criteria in California Code of Regulations, title 15, section 2600.1 as to what constitutes good cause for imposition of a 45-day hold are proper.

Penal Code section 3052 vests the Board with "the power to establish and enforce rules and regulations under which prisoners committed to state prisons may be allowed to go upon parole outside the prison buildings and enclosures when eligible for parole." As explained below, because the Legislature has delegated to the Board the power to make rules and regulate the parole eligibility of inmates (ibid.), and has conferred upon the Board the power to impose a 45-day hold for "good cause" (§ 6601.3), the Board's view of what constitutes good cause for imposition of such a hold is entitled to deference.

a. Judicial review of administrative regulations.

(1) We begin by considering "the general framework of judicial review of administrative regulations. In Yamaha Corp. of America v. State Bd. of Equalization (1998) 19 Cal.4th 1 [78 Cal.Rptr.2d 1, 960 P.2d 1031] (Yamaha), [the Supreme Court] posited a dichotomy between `quasi-legislative' and `interpretive' rules. Quasi-legislative regulations are those `adopted by an agency to which the Legislature has confided the power to "make law"' (id. at p. 7), and such rules `have the dignity of statutes' (id. at p. 10). On the other hand, interpretive regulations are those which involve `an agency's interpretation of a statute or regulation ...' (id. at p. 7, italics omitted), and are given variable deference according to a number of factors (id. at p. 12).... `[A]dministrative rules do not always fall neatly into one category or the other; the terms designate opposite ends of an administrative continuum, depending on the breadth of the authority delegated by the Legislature.' (Id. at p. 6, fn. 3.)" (Ramirez v. Yosemite Water Co. (1999) 20 Cal.4th 785, 798-799 [85 Cal.Rptr.2d 844, 978 P.2d 2] (Ramirez).)
*97 Regulations "that fall somewhere in the continuum may have both quasi-legislative and interpretive characteristics, as when an administrative agency exercises a legislatively delegated power to interpret key statutory terms. In Moore v. California State Bd. of Accountancy (1992) 2 Cal.4th 999 [9 Cal.Rptr.2d 358, 831 P.2d 798] (Moore), for example, [the Supreme Court] reviewed a regulation by the Board of Accountancy, the agency statutorily chartered to regulate the accounting profession in this state, providing that those unlicensed by that board could not use the title `accountant.' The agency was interpreting a statute, Business and Professions Code section 5058, that forbids use of titles `"likely to be confused with"' the titles of `"`certified public accountant'"' and `"`public accountant.'"' (2 Cal.4th at p. 1011.) [Moore] stated: `Inasmuch as enforcement of the provisions of the Accountancy Act, including section 5058, is entrusted to the [Board of Accountancy], it seems apparent that the Legislature delegated to the Board the authority to determine whether a title or designation not identified in the statute is likely to confuse or mislead the public. Since the Board was also authorized to seek an injunction against the use of such terms, its authority to "adopt, repeal, or amend such regulations as may be reasonably necessary and expedient for the ... administration of [the Accountancy Act]" (§ 5010) includes the power to identify by regulation those terms which it finds are "likely to be confused with `certified public accountant' or `public accountant,'" the use of which may be enjoined under the broad prohibition of section 5058. To conclude otherwise would contravene the intent and purpose behind the statute.' (2 Cal.4th at pp. 1013-1014 ...; see also Ford Dealers Assn. v. Department of Motor Vehicles (1982) 32 Cal.3d 347, 362 [185 Cal.Rptr. 453, 650 P.2d 328] [administrative agency with rulemaking power is authorized to `fill up the details' of a statutory scheme].)" (Ramirez, supra, 20 Cal.4th at p. 799, italics added.)

b. California Code of Regulations, title 15, section 2600.1, subdivision (d)'s definition of good cause for imposition of a 45-day hold is proper.

(2) The regulation at issue in the present case, as in Moore, has both quasi-legislative and interpretive characteristics. The Legislature has expressly delegated to the Board "the power to establish and enforce rules and regulations under which prisoners committed to state prisons may be allowed to go upon parole outside the prison buildings and enclosures when eligible for parole." (Pen. Code, § 3052.) This delegation of legislative authority "includes the power to elaborate the meaning of key statutory terms." (Ramirez, supra, 20 Cal.4th at p. 800.) On the other hand, because the Board is engaged in construing the meaning of a portion of section 6601.3, its regulation is in some sense interpretive. (Ramirez, supra, at p. 800.)
*98 If California Code of Regulations, title 15, section 2600.1 is considered a quasi-legislative regulation, it is certainly valid. "`"`[I]n reviewing the legality of a regulation adopted pursuant to a delegation of legislative power, the judicial function is limited to determining whether the regulation (1) is "within the scope of the authority conferred" [citation] and (2) is "reasonably necessary to effectuate the purpose of the statute" [citation].'"'" (Ramirez, supra, 20 Cal.4th at p. 800.)
(3) We conclude, initially, that California Code of Regulations, title 15, section 2600.1 is within the scope of the Board's authority, conferred by Penal Code section 3052. The Penal Code section vests the Board with the power to promulgate regulations under which prisoners committed to state prisons may be allowed to go upon parole when eligible for parole. (Pen. Code, § 3052.) Further, the SVPA, at section 6601.3, provides that upon a showing of good cause, the Board may order a potential SVP remain in custody for up to 45 days beyond the person's scheduled release date for full evaluation. California Code of Regulations, title 15, section 2600.1, subdivision (d), which defines "good cause" for imposition of a 45-day parole hold, is within the scope of the Board's authority.
We also conclude said regulation is reasonably necessary to effectuate the purpose of section 6601.3 and of the SVPA generally. The purpose of the SVPA is to identify persons who have certain diagnosed mental disorders that make them likely to engage in acts of sexual violence and to confine them for treatment of their disorders as long as the disorders persist. (People v. Dean (2009) 174 Cal.App.4th 186, 191 [94 Cal.Rptr.3d 478].) California Code of Regulations, title 15, section 2600.1 helps ensure a potential SVP is not released prematurely, before the completion of a necessary evaluation.
On the other hand, even assuming California Code of Regulations, title 15, section 2600.1 were viewed as a purely interpretive regulation, it has two attributes which weigh in favor of considerable judicial deference to the agency's interpretation. First, the interpretation is contained in a regulation formally adopted pursuant to the Administrative Procedure Act (Gov. Code, § 11340 et seq.) "`"[A]n interpretation of a statute contained in a regulation adopted after public notice and comment is more deserving of deference than [one] contained in an advice letter prepared by a single staff member."'" (Ramirez, supra, 20 Cal.4th at p. 801.) Second, the regulation is entitled to greater deference because it embodies a statutory interpretation that the administrative agency has consistently maintained and is of long standing, i.e., for over 14 years. (Cal. Code Regs., tit. 15, § 2600.1, Register 95, No. 52 *99 (Dec. 26, 1995); cf. Ramirez, supra, 20 Cal.4th at p. 801 [regulation in issue embodied statutory interpretation that agency had maintained for nearly 20 years].)[5]
For these reasons, the Board's definition of good cause for imposition of a 45-day hold (Cal. Code Regs., tit. 15, §2600.1, subd. (d)), i.e., some evidence of a qualifying offense and some evidence the person is likely to engage in sexually violent predatory criminal behavior, is entitled to deference regardless of whether it is deemed a quasi-legislative or an interpretive regulation. We conclude the Board's interpretation of the term "good cause" is reasonable and should not be invalidated.

c. The Board had good cause, within the meaning of California Code of Regulations, title 15, section 2600.1, to impose a 45-day hold.

The trial court ruled the subject regulation is invalid, but if the regulation were given credence, its criteria for good cause were met. To reiterate, the trial court found: "Under the definition of good cause in section [2600.1] of the regulations, there is good cause. There was `some evidence' that Mr. Sharkey met both parts of the criteria listed in section [2600.1]a qualifying offense and a [likelihood] of engaging in sexually violent predatory behavior, the latter satisfied by Dr. Karlsson's October 10, 2008 Clinical Evaluation Summary and his October 29, 2008 written report." (Italics added.)
(4) For the reasons set forth above, we conclude the regulation in issue is valid. (Cal. Code Regs., tit. 15, § 2600.1, subd. (d).)
Further, the regulation's criteria for imposition of a 45-day hold were clearly satisfied. As the trial court acknowledged, there was some evidence before the Board of a qualifying offense and some evidence that Sharkey was likely to engage in sexually violent predatory criminal behavior. Therefore, we conclude the Board properly imposed a 45-day hold in this matter. Accordingly, Sharkey's motion to dismiss the SVP petition on the ground the 45-day hold was unjustified and that his custody was unlawful was meritless and should have been denied.

*100 3. Trial court compounded its error by failing to give credence to section 6601, subdivision (a)(2).

Although the trial court was of the view that the subject regulation is invalid, the trial court should have denied Sharkey's motion to dismiss the SVP petition. The SVPA statutory scheme includes the following provision: "A petition shall not be dismissed on the basis of a later judicial or administrative determination that the individual's custody was unlawful, if the unlawful custody was the result of a good faith mistake of fact or law." (§ 6601, subd. (a)(2), italics added.)
Notwithstanding this code section, the trial court granted Sharkey's dismissal motion. The trial court reasoned that even assuming the Board relied on California Code of Regulations, title 15, section 2600.1 to extend the deadline by 45 days, "the court finds that because the regulation eviscerates the common legal definition of good cause, it could not be reasonably relied upon under these circumstances. The People did not establish a mistake of either fact or law." In effect, the trial court faulted the Board and the People for not being prescient that this long-standing regulation upon which they had relied might be judicially invalidated.
Although the trial court believed the subject regulation is invalid, the trial court should have recognized that absent a judicial determination of invalidity, the Board and the People were entitled to rely on the regulation, so as to preclude a dismissal of the petition. (§ 6601, subd. (a)(2).)

CONCLUSION
(5) The Board is an integral part of the SVPA statutory scheme. (§ 6601, subd. (b).) In order to protect the public from premature release of potentially dangerous individuals, the statutory scheme provides for extensive screening and evaluation of such persons prior to their scheduled release dates to determine whether the People should pursue their civil commitment pursuant to the SVPA. If some additional time is required to complete the evaluation process, the Board may, for good cause, impose a hold for up to 45 days beyond the scheduled release date for full evaluation. (§ 6601.3.) Good cause for such extension requires some evidence of a qualifying offense and some evidence the person is likely to engage in sexually violent predatory criminal behavior. (Cal. Code Regs., tit. 15, § 2600.1, subd. (d).) Good cause for the 45-day hold does not require a showing why the evaluations could not have been completed prior to the scheduled release date.

DISPOSITION
The order to show cause is discharged. The stay of proceedings is lifted. The petition for writ of mandate is granted. Let a peremptory writ of mandate *101 issue, directing respondent superior court to vacate its order granting Sharkey's motion to dismiss the petition to commit him as an SVP, and to enter a new and different order denying the dismissal motion and setting the matter for proceedings pursuant to the SVPA.
Croskey, J., and Aldrich, J., concurred.
NOTES
[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.
[2] Section 6601 states in relevant part: "(a)(1) Whenever the Secretary of the Department of Corrections and Rehabilitation determines that an individual who is in custody under the jurisdiction of the Department of Corrections and Rehabilitation, and who is either serving a determinate prison sentence or whose parole has been revoked, may be a sexually violent predator, the secretary shall, at least six months prior to that individual's scheduled date for release from prison, refer the person for evaluation in accordance with this section." (Italics added.)
[3] Section 6601, subdivision (b) provides: "The person shall be screened by the Department of Corrections and Rehabilitation and the Board of Parole Hearings based on whether the person has committed a sexually violent predatory offense and on a review of the person's social, criminal, and institutional history. This screening shall be conducted in accordance with a structured screening instrument developed and updated by the State Department of Mental Health in consultation with the Department of Corrections and Rehabilitation. If as a result of this screening it is determined that the person is likely to be a sexually violent predator, the Department of Corrections and Rehabilitation shall refer the person to the State Department of Mental Health for a full evaluation of whether the person meets the criteria in Section 6600."
[4] The Board of Parole Hearings "replaced the Board of Prison Terms by legislation enacted in 2005. (See Gov. Code, § 12838.4 [added by Stats. 2005, ch. 10, § 6, operative July 1, 2005] & Pen. Code, § 5075 [as amended by Stats. 2005, ch. 10, § 46, operative July 1, 2005].) It is sometimes referred to by its former appellation." (In re Hovanski (2009) 174 Cal.App.4th 1517, 1521, fn. 2 [95 Cal.Rptr.3d 370].)
[5] California Code of Regulations, title 15, section 2600.1, as a new section filed December 26, 1995 as an emergency, provided for a 45-day hold based upon some evidence of a qualifying offense, some evidence the person has a diagnosed mental disorder that predisposes the person to the commission of criminal sexual acts, and some evidence that the qualifying offense was directed toward a stranger or individual with whom a relationship had been established or promoted for the primary purpose of victimization. (Cal. Code Regs., tit. 15, § 2600.1, Register 95, No. 52 (Dec. 26, 1995).) Then, as now, there was no requirement of a showing why the evaluations could not be completed before the scheduled release date.